572 So.2d 521 (1990)
Jack CHERRY, Jr. (a/k/a: Marvin Gibbs, Jack Washington, James Richardson, Terry Reo, Jack Lemar Williams, and Richard Williams), Appellant,
v.
STATE of Florida, Appellee.
No. 89-2671.
District Court of Appeal of Florida, First District.
November 15, 1990.
On Denial of Rehearing January 10, 1991.
*522 Barbara M. Linthicum, Public Defender, and Carl S. McGinnes, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Gypsy Bailey, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
On appeal, Cherry challenges as error the trial court's (1) preclusion of his cross-examination of a state witness, (2) and its response to a question by the jury after the jurors retired to deliberate. On cross-appeal, the state contends that the trial court erred in not sentencing appellant as an habitual felony offender. We affirm in part, reverse in part and remand for a new trial.
We find that either point raised by Cherry merits reversal. As to the first allegation of error, we find that the trial court improperly disregarded Cherry's absolute right to elicit facts showing a state witness' bias, motive or self-interest. See Morrell v. State, 297 So.2d 579 (Fla. 1st DCA 1974); Hernandez v. Ptomey, 549 So.2d 757 (Fla. 3d DCA 1989). With regard to the second alleged error, the record does not show that counsel was provided notice and an opportunity to participate in the discussion of the action to be taken on the jury's request. Thus, the trial court erred in responding to the jury's request, after retiring, for an additional instruction regarding a particular point of law on an aspect of the evidence without first providing respective counsel with notice and an opportunity to be heard regarding the appropriate response. See Rule 3.410, Florida Rules of Criminal Procedure; Curtis v. State, 480 So.2d 1277-1279 (Fla. 1985) [strict compliance with rule 3.410 is not subject to the harmless error test]. Since we reverse and remand for a new trial, we find it unnecessary to address the issue raised on cross-appeal by the state.
AFFIRMED in part, REVERSED in part, and REMANDED for a new trial.
WIGGINTON, MINER and WOLF, JJ., concur.

ON MOTION FOR REHEARING
PER CURIAM.
We find that section 924.37(2), Florida Statutes (1989), is inapplicable to the case at issue. Accordingly, the motion for rehearing is denied.
WIGGINTON, MINER and WOLF, JJ., concur.