ERVIN, Judge.
Appellant, Roosevelt Franklin, appeals his conviction and sentence for burglary of a dwelling. We affirm without comment Franklin’s first two issues, but, as to the third issue, we reverse and remand for new trial because the trial court erroneously submitted a copy of the jury instructions to the jurors without first consulting with the attorneys.
After retiring to deliberate, the jury submitted the following question to the court:
Could we hear or see that portion of the instructions to the jury concerning inferences that may be used to conclude guilt of burglary of a dwelling? There was an element concerning observing an individual in possession of items taken from the dwelling.
Without notifying either counsel, the trial judge gave a copy of the entire set of written instructions in the case to the jury, which thereafter returned a verdict of guilty of burglary of a dwelling and of the lesser included offense of petit theft.
This case appears to be controlled by Williams v. State, 488 So.2d 62 (Fla.1986), in which the jury, after retiring for deliber *477 ations, asked the bailiff for a copy of the jury instructions. Without advising the attorneys of the jury’s request, the judge told the jurors that he could not provide them with a written copy but that he would reread the instructions to them, notwithstanding that they did not request the rereading. The supreme court construed the jury’s request for a copy of the instructions as a request for “additional instructions,” as provided for in Florida Rule of Criminal Procedure 3.410, and concluded that, pursuant to the rule, the state and the defense should first have been given an opportunity to be heard on the question. The court also held that a violation of Rule 3.410 is per se reversible error. Rule 3.410 provides:
After the jurors have retired to consider their verdict, if they request additional instructions or to have any testimony read to them they shall be conducted into the courtroom by the officer who has them in charge and the court may give them such additional instructions or may order such testimony read to them. Such instructions shall be given and such testimony read only after notice to the prosecuting attorney and to counsel for the defendant.
(Emphasis added.)
Similarly, in the case at bar, although the trial court could have, in its discretion, given a copy of the instructions to the jurors at the time the latter retired, as provided in Florida Rule of Criminal Procedure 3.400,[1] the court did not do so, and when the jurors later submitted their question to the court, the court should have consulted with counsel before causing the instructions to be delivered to the jury room. Because it appears from Williams that permitting the jurors to take with them written instructions without prior notification to the attorneys is a direct violation of Rule 3.410, and thus per se reversible error, the harmless error doctrine is inapplicable.
Pursuant to a request by the state, we certify the following question to the Florida Supreme Court as one of great public importance:
DOES A TRIAL COURT COMMIT PER SE REVERSIBLE ERROR WHEN, IN RESPONSE TO THE JURORS’ REQUEST TO GIVE THEM AN ADDITIONAL PORTION OF THE ORIGINAL INSTRUCTIONS PREVIOUSLY FURNISHED THEM, IT GIVES THEM INSTEAD AN ENTIRE SET OF THE WRITTEN INSTRUCTIONS, WITHOUT PROVIDING PRIOR NOTICE TO THE ATTORNEYS FOR THE DEFENSE AND THE STATE?
REVERSED and REMANDED for new trial.
SHIVERS and WIGGINTON, JJ., concur.

. The rule provides, in part, “The court may permit the jury, upon retiring for deliberation, to take to the jury room: ... (c) any instructions given; but if any instruction is taken all the instructions shall be taken.”