596 So.2d 1148 (1992)
Charles MILLS, Appellant,
v.
STATE of Florida, Appellee.
No. 91-0905.
District Court of Appeal of Florida, Fourth District.
March 25, 1992.
Rehearing and Clarification Denied May 11, 1992.
*1149 Kayo E. Morgan, Fort Lauderdale, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Georgina Jimenez-Orosa, Asst. Atty. Gen., West Palm Beach, for appellee.
GARRETT, Judge.
Charles Mills appeals his armed trafficking in cocaine and conspiracy to traffic in cocaine convictions and sentences. We affirm as to all issues. We write, however, to state that the trial court committed harmless error when it responded to a question from the jury without first giving defense counsel the opportunity to be heard.
During jury deliberations, the jury sent a note to the trial judge. The trial judge notified both counsel that the jury had a question. In the defendant's presence, defense counsel asked what the question was so that it could be discussed. The trial judge refused to tell defense counsel the question, and told him there was no need to talk about it. The jury was then brought into the courtroom. The trial judge said to the jury, "I have your question, `Judge Coker, could you please clarify or provide a copy of the law on armed trafficking.'" The trial judge told the jury that he could not do that, but would reread to them the instruction on trafficking. The trial court then reread the instructions on armed trafficking that he had earlier given the jury. The trial judge then asked, "Does that answer your question?" The jury said, "yes" and then retired to continue their deliberations. After the jury left the courtroom, the trial judge and defense counsel engaged in the following colloquy:
MR. MORGAN: Judge, show my objection. We didn't get a chance to discuss that.
THE COURT: Well, what's your objection?
MR. MORGAN: I'd like to have entrapment read to them. It's not an offense to traffic if he was entrapped.
THE COURT: I responded to their question exactly as they requested that I respond and your objection is noted.
Rule 3.410, Florida Rules of Criminal Procedure (1991) reads:
After the jurors have retired to consider their verdict, if they request additional instructions . .. [s]uch instructions shall be given ... only after notice to the prosecuting attorney and to counsel for the defendant. [Emphasis added.]
We acknowledge that defense counsel's right to be present at re-instruction of the jury includes the right to participate, to place objections on the record, and to make full argument as to the reasons the jury's request should or should not be honored. Ivory v. State, 351 So.2d 26, 28 (Fla. 1977). However, although the trial judge violated the rule when he failed to give defense counsel the opportunity to be heard, we find such error to be harmless.
Initially, we distinguish those cases that hold per se reversible error occurs when a trial judge fails to notice defense counsel or the defendant of a jury question. Bradley v. State, 513 So.2d 112 (Fla. 1987); Curtis v. State, 480 So.2d 1277 (Fla. 1985); Ivory v. State, 351 So.2d 26 (Fla. 1977); Lacue v. State, 562 So.2d 388 (Fla. 4th DCA 1990). In this case, the trial judge notified defense counsel and the defendant that the jury had a question.
Williams v. State, 488 So.2d 62, 64 (Fla. 1986) reaffirmed the per se rule announced in Ivory, but held that "[c]ommunications outside the express notice requirements of rule 3.410 should be analyzed using harmless error principles." Cherry v. State, 572 So.2d 521, 522 (Fla. 1st DCA 1990) (emphasis added) found reversible error because defense counsel did not have "notice and an opportunity to be heard regarding the appropriate response" to a jury question. The First District, however, relied on Curtis, 480 So.2d 1277, *1150 which held that per se reversible error occurred when the trial judge responded to jury questions out of the presence of defense counsel and the defendant even though the trial judge refused to answer the questions. The state unsuccessfully argued in Curtis that the supreme court should recede from its per se rule and adopt a harmless error standard. The Curtis court also "reaffirmed the viability of Ivory" and concluded its opinion with the words of then Justice England that "[a] `prejudice' rule would ... unnecessarily embroil trial counsel, trial judges and appellate courts in a search for evanescent `harm,' real or fancied." Curtis, 480 So.2d at 1279. Since Curtis the supreme court decided State v. DiGuilio, 491 So.2d 1129, 1134 (Fla. 1986) and held that "automatic reversal of a conviction is only appropriate when the constitutional right which is violated vitiates the right to a fair trial" and limited per se reversible errors "to those errors which are so basic to a fair trial that their infraction can never be treated as harmless." Id. at 1135. DiGuilio requires appellate courts to determine if harmless error has occurred. Id. Therefore, in direct conflict with Cherry, we hold that the harmless error rule applies where defense counsel and the defendant have notice of a jury question but the trial judge fails to give defense counsel the opportunity to be heard as to the appropriate response.
Our examination of this entire record reveals that the rule 3.410 error had no effect on the trier-of-fact and we can say beyond a reasonable doubt that the error did not affect the verdict. See DiGuilio, 491 So.2d at 1139.
As to the merits of the objection, we find no error as to the re-instructions given. The scope of re-instruction of a jury is within the discretion of the trial judge. Garcia v. State, 492 So.2d 360 (Fla.), cert. denied, 479 U.S. 1022, 107 S.Ct. 680, 93 L.Ed.2d 730 (1986). A trial judge may properly limit the repetition of charges to those requested by the jury. Lowe v. State, 500 So.2d 578 (Fla. 4th DCA 1986). The trial judge, in this case, correctly re-instructed the jury. He did not have to re-instruct the jury as to entrapment. Unlike the instructions for excusable and justifiable homicide which must be given when a trial judge re-instructs on the degrees of unlawful homicide, Hedges v. State, 172 So.2d 824 (Fla. 1965), the standard jury instruction for the defense of entrapment, Fla.Std. Jury Instr. (Crim.) 3.04(c)(2), does not define any crime. See Gitman v. State, 482 So.2d 367 (Fla. 4th DCA 1985), called into doubt on other grounds, Fletcher v. State, 508 So.2d 506 (Fla. 4th DCA 1987) (where jury requested a re-instruction on the "laws" of the alleged crimes, theft and scheme to defraud, the trial court did not abuse his discretion in re-instructing the jury only on the elements of the crimes and refusing the defense's request to re-instruct on "specific intent").
When given the opportunity to object, defense counsel did not object to the re-instruction that was given. He only objected to the trial judge's failure to also give the entrapment instruction. Defense counsel had notice, an opportunity to argue, and to object, both before and after the trial judge denied his request for re-instruction on entrapment. Colbert v. State, 569 So.2d 433, 435 (Fla. 1990).
AFFIRMED.
DOWNEY, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.