618 So.2d 171 (1993)
STATE of Florida, Petitioner,
v.
Roosevelt FRANKLIN, Respondent.
No. 79146.
Supreme Court of Florida.
March 25, 1993.
Rehearing Denied June 1, 1993.
*172 Robert A. Butterworth, Atty. Gen., James W. Rogers, Bureau Chief, Asst. Atty. Gen., Charles T. Faircloth, Jr. and Charlie McCoy, Asst. Attys. Gen., Tallahassee, for petitioner.
Nancy A. Daniels, Public Defender and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for respondent.
KOGAN, Judge.
We review Franklin v. State, 590 So.2d 476 (Fla. 1st DCA 1991), to answer a certified question of great public importance. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
At the close of Franklin's trial, the jury was instructed on two inferences of guilt: (1) the inference from stealthy entry, and (2) the inference from possession of recently stolen property. After deliberations began, the jury submitted the following question to the trial court which the trial judge read into the record:
Could we hear or see that portion of the instructions to the jury concerning inferences that may be used to conclude guilt of burglary of a dwelling? There was an element concerning observing an individual in possession of items taken from a dwelling.
Franklin, 590 So.2d at 476. The record reflects that the trial court then gave a copy of the entire set of written instructions to the jury without notifying either counsel. Id.
Thereafter the jury returned a verdict of guilty of burglary of a dwelling and the lesser included offense of petit theft. Franklin appealed his conviction to the First District Court of Appeal, which reversed the conviction based on the above acts of the trial court and this Court's decision in Williams v. State, 488 So.2d 62 (Fla. 1986). However, pursuant to a request by the State, the First District Court of Appeal certified the following question to this Court:
DOES A TRIAL COURT COMMIT PER SE REVERSIBLE ERROR WHEN, IN RESPONSE TO THE JURORS' REQUEST TO GIVE THEM AN ADDITIONAL PORTION OF THE ORIGINAL INSTRUCTIONS PREVIOUSLY FURNISHED THEM, IT GIVES THEM INSTEAD AN ENTIRE SET OF THE WRITTEN INSTRUCTIONS, WITHOUT PROVIDING PRIOR NOTICE TO THE ATTORNEYS FOR THE DEFENSE AND THE STATE?
Franklin, 590 So.2d at 477.
In Ivory v. State, 351 So.2d 26 (Fla. 1977), this Court held that it was prejudicial error for a trial judge, in violation of Florida Rule of Criminal Procedure 3.410,[1] to respond to a request from the jury for additional instructions, definitions, and copies of certain statements unless the defendant, the defendant's counsel, and the prosecutor are present and have the opportunity to participate in formulating a response to the request.
In Williams this Court held that a trial court's failure to notify the prosecutor and defense counsel of the jury's request for a copy of the jury instructions and the trial court's resulting communications with the jury constituted per se reversible error under rule 3.410. Williams, 488 So.2d at 64. In Williams we reaffirmed the rule announced in Ivory. We stated that under rule 3.410 per se reversible error occurred if there was any communication between *173 the jury and the trial court pertaining to the jury's request for items enumerated in rule 3.410 outside the presence of the defendant, defendant's counsel and the prosecutor. Id.; see also Ivory, 351 So.2d at 28 (England, J., concurring) (recognizing that the majority decision in Ivory was intended to have a prophylactic effect).
In the case sub judice the State invites us to recede from Williams and its progenitor Ivory, or limit them to their facts. The State urges us to dispose of the prophylactic per se reversible error rule and instead expand the reach of the harmless error analysis discussed in State v. DiGuilio, 491 So.2d 1129 (Fla. 1986), to a trial court's failure to comply with the strictures of rule 3.410. We decline this invitation and reaffirm the per se reversible error rule expressed in Williams and Ivory.
The per se reversible error rule, relating to a jury's request for additional instructions under rule 3.410,[2] exists for two distinct reasons. First, it is clear that due process requires that the defendant and defendant's counsel be afforded the opportunity to be present whenever the trial court communicates with the jury. Ivory, 351 So.2d at 28. Secondly:
Any communication with the jury outside the presence of the prosecutor, the defendant, and defendant's counsel is so fraught with potential prejudice that it cannot be considered harmless.
Id.
We recognize that prejudice is not the inevitable result of such communication. However, we believe that the potential for prejudice and the danger of an incomplete record of the trial court's communication with the jury are so great as to warrant the imposition of a prophylactic per se reversible error rule. We therefore decline to apply a harmless error analysis to communications between the trial court and the jury made in violation of rule 3.410.
In the case sub judice it is clear that the trial court's actions fall within the purview of rule 3.410. Once the jury retires to begin deliberations any request for additional instruction is subject to the notice requirement of rule 3.410. Williams, 488 So.2d at 63. In the instant case the trial court failed to provide the required notice to the prosecutor and defense counsel before communicating with the jury. Therefore, the district court properly applied the per se reversible error rule announced in Williams and Ivory.
For the foregoing reasons we answer the certified question in the affirmative, reaffirm the holdings in Williams and Ivory, and approve the decision of the district court below.
It is so ordered.
BARKETT, C.J., and OVERTON and SHAW, JJ., concur.
McDONALD, J., dissents with an opinion, in which GRIMES and HARDING, JJ., concur.
GRIMES, J., dissents with an opinion, in which McDONALD and HARDING, JJ., concur.
McDONALD, Justice, dissenting.
I dissent. In this case the trial judge did nothing more than furnish the jury a copy of the instructions he had verbally given them. I am not, and never have been, a disciple of the per se reversible error rule employed as a consequence of the trial judge's failure to notify the prosecutor and the defendant of a jury's request. Without doubt, no harm was done here and I believe a reversal is completely unwarranted.
GRIMES and HARDING, JJ., concur.
GRIMES, Justice, dissenting.
This case illustrates how the inflexible application of a rule can lead to an absurd result. When the jury asked the trial judge a question concerning one of the instructions, he simply gave them a written copy of all of the instructions. Under Florida Rule of Criminal Procedure 3.400, the judge is authorized to give the jury a copy of the written instructions when it retires for deliberations. Moreover, it has been *174 held that when a jury is given written instructions, it must be given all the instructions. Byrd v. State, 582 So.2d 640 (Fla. 3d DCA 1991); Zarattini v. State, 571 So.2d 553 (Fla. 4th DCA 1990). Therefore, even if defense counsel had been notified of the jury's request, an objection to giving the jury the written instructions could not have prevailed. Because the jurors simply received a written copy of the oral instructions they had already heard, the error could not have affected the verdict. The jury received exactly that to which it was entitled.
In State v. DiGuilio, 491 So.2d 1129, 1135 (Fla. 1986), this Court pointed out:
In comparing the per se reversible rule and the harmless error rule, and determining their applicability, it is useful first to recognize that both rules are concerned with the due process right to a fair trial. The problem which we face in applying either rule is to develop a principled analysis which will afford the accused a fair trial while at the same time not make a mockery of criminal prosecutions by elevating form over substance.
... Per se reversible errors are limited to those errors which are "so basic to a fair trial that their infraction can never be treated as harmless error." Chapman [v. State of Cal.], 386 U.S. 18 at 23, 87 S.Ct. [824] at 827-28 [17 L.Ed.2d 705]... . [I]f an error which is not always harmful is improperly categorized as per se reversible, the court will erroneously reverse an indeterminate number of convictions where the error was harmless.
The judge's error in responding outside the presence of counsel to the jury's request for instructions was harmless because it could not have affected the outcome of the trial. Justice is poorly served by requiring this case to be retried.
I respectfully dissent.
McDONALD and HARDING, JJ., concur.
NOTES
[1] Florida Rule of Criminal Procedure 3.410 provides:

After the jurors have retired to consider their verdict, if they request additional instructions or to have any testimony read to them they shall be conducted into the courtroom by the officer who has them in charge and the court may give them such additional instructions or may order such testimony read to them. Such instructions shall be given and such testimony read only after notice to the prosecuting attorney and to counsel for the defendant.
[2] "[A]dditional instructions" under Florida Rule of Criminal Procedure 3.410 include requests from the jury for reinstruction whether oral or written. Williams, 488 So.2d at 64.