620 So.2d 1006 (1993)
Charles MILLS, Petitioner,
v.
STATE of Florida, Respondent.
No. 79973.
Supreme Court of Florida.
June 17, 1993.
*1007 Kayo E. Morgan, Ft. Lauderdale, for petitioner.
Robert A. Butterworth, Atty. Gen., Joan Fowler, Sr. Asst. Atty., Bureau Chief, and Georgina Jimenez-Orosa, West Palm Beach, for respondent.
PER CURIAM.
We review Mills v. State, 596 So.2d 1148 (Fla. 4th DCA 1992), because of certified conflict with Cherry v. State, 572 So.2d 521 (Fla. 1st DCA 1990). We have jurisdiction under article V, section 3(b)(4) of the Florida Constitution.
Mills was convicted of armed trafficking in cocaine and conspiracy. During jury deliberations, the jury sent a note to the trial judge. The judge notified both counsel that the jury had a question. Defense counsel asked what the question was, but the judge declined to tell him, saying that there was no need to talk about it.
The jury was brought into the courtroom and the judge read its question: "Could you please clarify or provide a copy of the law on armed trafficking?" The judge said he could not do that, but he would reread the law that he read a few moments ago. After rereading the instructions on trafficking that he had given earlier, the judge asked, "Does that answer your question?" The jury said "yes" and resumed their deliberations.
After the jury left the courtroom, defense counsel objected to the fact that he did not get a chance to discuss the question. He asked the judge to read the entrapment instruction to the jurors so that they would be given a more complete answer to their question. The judge noted the objection and refused defense counsel's request.
On appeal, the district court held that the judge's failure to give counsel an opportunity to be heard before answering the jury's question was error, but harmless.
In Ivory v. State, 351 So.2d 26, 28 (Fla. 1977), this Court established a per se reversible error rule where a trial court responds to a jury's question without giving counsel notice and "the opportunity to participate in the discussion of the action to be taken on the jury's request," recognizing that such communication with the jury is "so fraught with potential prejudice that it cannot be considered harmless." We have reaffirmed this per se reversible error rule in numerous cases since then. See, e.g., State v. Franklin, 618 So.2d 171 (Fla. 1993); Colbert v. State, 569 So.2d 433 (Fla. 1990); Williams v. State, 488 So.2d 62 (Fla. 1986); Curtis v. State, 480 So.2d 1277 (Fla. 1985).[1]
*1008 The State attempts to distinguish these cases because here the trial judge did give counsel notice that the jury had a question and therefore complied with the notice requirement of Florida Rule of Criminal Procedure 3.410.[2] We addressed a similar argument in Bradley v. State, 513 So.2d 112 (Fla. 1987). There, the State argued that defense counsel was present during the trial court's consideration of the jury's inquiry and that the presence of counsel was enough to satisfy rule 3.410. In rejecting this argument, we noted that "[t]he right to participate, set forth in Ivory, includes the right to place objections on the record as well as the right to make full argument as to why the jury request should or should not be honored." Id. at 114. As we later stated in Colbert, 569 So.2d at 435, "[t]he particular evil rule 3.410 and the per se error standard of Ivory were designed to prevent is the lack of notice to counsel, coupled with the lost opportunity for counsel to argue and to place objections on the record." (Emphasis added.)[3]
Here, Mills' counsel was not given a meaningful opportunity to argue his position as to how the jury's question should be answered. Mills and his counsel were present when the jury's question was answered, and Mills was given an opportunity to argue his position and present his objections, but only after the jury was instructed. There is a substantial difference between allowing discussion before the question is answered and allowing discussion after the question is answered and the jury is sent back to deliberate. It is unrealistic to believe a judge would be equally willing to encompass defense counsel's suggestions in both situations, and it is impossible to tell how the judge would have reacted to counsel's suggestions had they been made before the question was answered.
We decline to address the other issues raised by Mills. We approve Cherry, quash the decision below, and remand for a new trial.
It is so ordered.
BARKETT, C.J., and OVERTON, SHAW, KOGAN and HARDING, JJ., concur.
GRIMES, J., concurs with an opinion.
McDONALD, J., dissents.
GRIMES, Justice, concurring.
I cannot blame the court below for applying the harmless error test to the violation of Florida Rule of Criminal Procedure 3.410 which occurred in this case. However, I must concede that this Court has continued to apply a per se rule of reversible error for such violations. See State v. Franklin, 618 So.2d 171 (Fla. 1993) ("This case illustrates how the inflexible application of a rule can lead to an absurd result.") (Grimes, J., dissenting). Therefore, I reluctantly concur with the majority opinion.
NOTES
[1] Following our strict adherence to this rule, the court in Cherry held that failing to give counsel notice and an opportunity to be heard before responding to a jury's question was per se reversible error and not subject to a harmless error test. 572 So.2d at 522.
[2] This rule provides as follows:

After the jurors have retired to consider their verdict, if they request additional instructions or to have any testimony read to them they shall be conducted into the courtroom by the officer who has them in charge and the court may give them the additional instructions or may order the testimony read to them. The instructions shall be given and the testimony read only after notice to the prosecuting attorney and to counsel for the defendant.
[3] The harmless error rule applied in Colbert is not applicable here, for in that case defense counsel was allowed to fully argue his position before the jury was reinstructed. It was the reinstruction itself that was subject to a harmless error analysis.