GUNTHER, Chief Judge.
Appellant, Jeelan Mohammed, defendant below (Defendant), appeals a final judgment of guilt and sentence for robbery. Because the trial court deprived Defendant of the right to place objections on the record as well as make full argument as to the reasons the jury’s request for instruction should or should not be honored, we reverse.
In the instant case, after the jury had retired to consider its verdict, a juror requested instruction on attempted robbery. The trial court, over defense counsel’s objection, proceeded to answer the juror’s question without permitting defense counsel the opportunity to make full argument as to the reasons the jury’s request should or should not be honored. The record reveals that defense counsel repeatedly struggled to argue his objections, but was thwarted by the trial court. Even after the trial court instructed the jury regarding attempted robbery, defense counsel was prohibited from arguing his objections and creating a record. Although the trial court said that he would not keep defense counsel from making a record, we believe that was the practical result because defense counsel was not permitted to argue his objections.
Rule 3.140 of the Florida Rules of Criminal Procedure regarding jury requests for additional instructions provides, in pertinent part:
The instructions shall be given and the testimony read only after notice to the prosecuting attorney and to counsel for the defendant.
In explaining this rule, the Florida Supreme Court held that it is prejudicial error for a trial judge to respond to a request from the jury without giving the defendant the opportunity to participate in the discussion of the action to be taken on the jury’s request. Ivory v. State, 351 So.2d 26, 28 (Fla.1977). The supreme court further held that the right to participate includes the right to place objections on the record as well as the right to make full argument as to the reasons the jury’s request should or should not be honored. Id.
In Mills v. State, 620 So.2d 1006 (Fla.1993), the Florida Supreme Court reiterated the per se reversible error rule established in Ivory. In Mills, the trial court notified both counsel that the jury had a question, but declined to disclose the nature of the question. Id. at 1007. Subsequently, the trial court reread the instructions that were given earlier. Id. Defense counsel objected to being denied the chance to discuss the question and he also requested additional instructions be given for a more complete answer. Id. The trial court refused and noted counsel’s objection. Id. The Florida Supreme Court ruled that a new trial was warranted because the defendant was not given an opportunity to argue his position and present his objections until after the jury was instructed. Id. at 1008.
Clearly, the trial court in the instant case committed per se reversible error in responding to the jury without affording defense counsel the opportunity to participate which includes the right to place objections and make full argument on the record. See Mills, 620 So.2d at 1007; Ivory, 351 So.2d at 28. Accordingly, we reverse Defendant’s conviction and sentence and remand for a new trial.
REVERSED AND REMANDED.
DELL and STEVENSON, JJ., concur.