WEBSTER, Judge.
In this direct criminal appeal, appellant challenges his conviction for aggravated battery, following a jury trial on charges of attempted first-degree murder with a firearm, shooting within a building and possession of a firearm by a convicted felon. Appellant argues a number of issues, including that the trial court should have granted his motion for judgment of acquittal because the evidence was legally insufficient to support a conviction for aggravated battery. Having reviewed the record, we conclude that the evidence was legally sufficient, and that appellant’s argument to the contrary merits neither discussion nor reversal. However, because the trial court gave a principal instruction in response to a question from the jury after it had begun to deliberate, without first affording appellant’s attorney an opportunity to argue against such an instruction, we are constrained to reverse and remand for a new trial.
During the charge conference, the prosecutor requested that the trial court read the standard instruction on principals as a part of its charge to the jury at the close of the ease. Appellant’s attorney objected, arguing that the principal instruction was not “appropriate under the facts of th[e] ease,” and that it was “confusing” and did “not accurately state the law.” The trial court denied the *605 prosecutor’s request, saying that it did not feel that the instruction was “appropriate.” Accordingly, the principal instruction was not given as a part of the charge to the jury'.
During deliberations, the jury sent a question to the trial court, in essence asking whether “the principal theory” had “any bearing” on the case. The trial court then indicated that it had changed its mind, and that it intended to give the principal instruction in response to the jury’s question. Appellant’s attorney requested an opportunity, out of the jury’s presence, to express his opposition to the giving of the instruction. The trial court responded that it did not think that there was anything to discuss about the matter which had not previously been addressed during the charge conference. Appellant’s attorney replied that he had additional arguments to present, and again requested an opportunity to do so, out of the jury’s presence, before the trial court gave the instruction. The trial court denied the request; read the standard principal instruction to the jury; and then directed the jury to resume its deliberations. After the jury had retired, appellant’s attorney was permitted to place his objection and argument on the record. A short time later, the jury returned its verdicts, finding appellant not guilty of the charges of shooting within an occupied building and possession of a firearm by a convicted felon, but guilty of the lesser offense of aggravated battery.
In a case involving relevant facts substantively indistinguishable from those here, the supreme court has held that it is per se reversible error (i.e., error not subject to a harmless error analysis) to respond to a jury question without first affording counsel “a meaningful opportunity to argue his position.” Mills v. State, 620 So.2d 1006, 1008 (Fla.1993). In Mills, as here, counsel was not afforded an opportunity to argue his position on the response to the jury’s question until after the jury had been given the response and directed to resume its deliberations. Finding such a practice unacceptable, the court said:
There is a substantial difference between allowing discussion before the question is answered and allowing discussion after the question is answered and the jury is sent back to deliberate. It is unrealistic to believe a judge would be equally willing to encompass defense counsel’s suggestions in both situations, and it is impossible to tell how the judge would have reacted to counsel’s suggestions had they been made before the question was answered.
Id. Accord Bradley v. State, 513 So.2d 112 (Fla.1987); Ivory v. State, 351 So.2d 26 (Fla.1977); Mohammed v. State, 662 So.2d 410 (Fla. 4th DCA 1995); Gonzalez v. State, 638 So.2d 199 (Fla. 3d DCA 1994). These cases clearly stand for the proposition that such an error is not subject to a harmless error analysis. However, even if it were, we could not say that the state has carried its burden of establishing “beyond a reasonable doubt that the error did not affect the verdict.” State v. DiGuilio, 491 So.2d 1129, 1139 (Fla.1986). Accordingly, we must reverse appellant’s conviction, and remand the case for a new trial. In light of this disposition, we find it unnecessary to address appellant’s remaining issues.
REVERSED AND REMANDED, with directions.
MINER and MICKLE, JJ., concur.