730 So.2d 667 (1998)
Shawn THOMAS, Petitioner,
v.
STATE of Florida, Respondent.
No. 91719.
Supreme Court of Florida.
September 4, 1998.
Rehearing Denied November 17, 1998.
Glen P. Gifford, Assistant Public Defender, Second Judicial Circuit, Tallahassee, for Petitioner.
Robert A. Butterworth, Attorney General, James W. Rogers, Tallahassee Bureau Chief, Criminal Appeals, and Carolyn J. Mosley, Assistant Attorney General, Tallahassee, for Respondent.
SHAW, J.
We have for review Thomas v. State, 700 So.2d 734 (Fla. 1st DCA 1997), based on conflict with Ivory v. State, 351 So.2d 26 (Fla.1977). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Shawn Thomas was tried for the sale and possession of cocaine. The following colloquy occurred between the court and counsel shortly before the jury returned a guilty verdict:
THE COURT: Before the jury returns, let me advise you that shortly after the jury went back in to the jury room, the bailiff brought to me the State's Exhibit 1 and 2 and advised that the jury had a question with regard to the date on the lab report and on the Exhibit 1 [containing the purported cocaine].
I advised him thathe pointed out to me that the date on Exhibit 1 was 3-1-95 and the lab report was '96. I advised him to advise the jury that they should consider that as part of the evidence and continue to deliberate on their verdict.
So, I did not feel that any other instruction was necessary because there was nothing said by me to them other than to continue to deliberate.

*668 Do either one of you have an objection to that process?
MR. EVANS [STATE]: No, Your Honor.
MR. HOLTON [DEFENSE COUSEL]: No, sir. I take it you didn't communicate directly with the jury, just with the bailiff?
THE COURT: Through the bailiff, right.
Bring the jury back.
Thomas argued on appeal that the trial court violated Florida Rule of Criminal Procedure Rule 3.410[1] and that such a violation was per se reversible error pursuant to Ivory v. State, 351 So.2d 26 (Fla.1977), wherein this Court stated:
We now hold that it is prejudicial error for a trial judge to respond to a request from the jury without the prosecuting attorney, the defendant, and defendant's counsel being present and having the opportunity to participate in the discussion of the action to be taken on the jury's request. This right to participate includes the right to place objections on the record as well as the right to make full argument as to the reasons the jury's request should or should not be honored.
Ivory, 351 So.2d at 28. We reaffirmed the per se reversible error standard in Mills v. State, 620 So.2d 1006 (Fla.1993),[2] explaining that
"[t]he particular evil rule 3.410 and the per se error standard of Ivory were designed to prevent is the lack of notice to counsel, coupled with the lost opportunity for counsel to argue and to place objections on the record."
Id. at 1008 (quoting Colbert, 569 So.2d at 435). We noted that an opportunity to contribute after the instruction has been given is insufficient because "[i]t is unrealistic to believe a judge would be equally willing to encompass defense counsel's suggestions in both situations [before and after the fact], and it is impossible to tell how the judge would have reacted to counsel's suggestions had they been made before the question was answered." Mills, 620 So.2d at 1008.
In the present case, the First District Court of Appeal affirmed the convictions, reasoning thusly:
Although such a violation of rule 3.410 would ordinarily constitute per se reversible error under Ivory v. State, 351 So.2d 26 (Fla.1977), here we conclude that the appellant's trial counsel affirmatively waived the issue by communicating to the trial judge his acceptance of the procedure employed when later given an opportunity to object.
Thomas, 700 So.2d at 734-35. We agree. The per se reversible error rule announced in Ivory is prophylactic in nature and must be invoked by contemporaneous objection at trial.[3] Where counsel communicates to the trial judge his acceptance of the procedure employed, the issue will be considered waived.[4] *669 In the present case, defense counsel told the judge he had no objectionthus, the rule 3.410 violation was not reversible error. Accordingly, we approve the decision below.
It is so ordered.
HARDING, C.J., and OVERTON and WELLS, JJ., concur.
PARIENTE, J., dissents with an opinion, in which KOGAN and ANSTEAD, JJ., concur.
PARIENTE, Judge, dissenting.
I respectfully disagree that defense counsel's after-the-fact acquiescence to a patently impermissible procedure constitutes an effective waiver of a defendant's fundamental right to be present when the judge communicates with the jury. This right includes a defendant's right to participate in framing a proper response to a jury's question before that question is answered.
The impermissible communication in this case took place shortly after the jury retired to the jury room. Instead of first summoning the defendant, defense counsel, and the assistant state attorney to participate in a discussion regarding the jury's question, the trial judge simply improperly directed the bailiff to respond to the jury's question.
The trial court then waited until shortly before the jury returned from deliberation, and apparently after the jury had reached a verdict, to inform the state and defense counsel of what occurred shortly after the jury retired. There is no explanation in the record why the trial court violated the proper procedure or why the trial court delayed advising counsel what had transpired. There is also no contemporaneous record of the jury's question, the trial judge's instruction to the bailiff, or the bailiff's ex parte communication with the jury.
The State concedes that the trial court violated Florida Rule of Criminal Procedure 3.410 and that the violation of this rule is per se reversible error. As we stated in State v. Franklin, 618 So.2d 171, 173 (Fla.1993):
The per se reversible error rule ... exists for two distinct reasons. First, it is clear that due process requires that the defendant and defendant's counsel be afforded the opportunity to be present whenever the trial court communicates with the jury. Ivory [v. State], 351 So.2d [26] at 28 [(Fla.1977)]. Secondly:
Any communication with the jury outside the presence of the prosecutor, the defendant, and defendant's counsel is so fraught with potential prejudice that it cannot be considered harmless.
Id.
We recognize that prejudice is not the inevitable result of such communication. However, we believe that the potential for prejudice and the danger of an incomplete record of the trial court's communication with the jury are so great as to warrant the imposition of a prophylactic per se reversible error rule. We therefore decline to apply a harmless error analysis to communications between the trial court and the jury made in violation of rule 3.410.
(Emphasis supplied).
Our approval of the procedure the trial court followed in this case of eliciting input after the fact erodes the prophylactic purpose of the rule that we have previously enunciated. This rule could not be clearerthere shall be no ex parte communications between judge and jury or bailiff and jury before the State and the defendant have an opportunity to participate in the discussion.[5]
*670 Allowing a trial court or bailiff to communicate ex parte with the jury is fraught with the dangers of unauthorized, unrecorded, substantive communications that we should not endorse. Providing defense counsel an opportunity to place an objection on the record after the fact (and just before the jury returned) did not erase the per se reversible error that occurred in this case.
KOGAN and ANSTEAD, JJ., concur.
NOTES
[1] Florida Rule of Criminal Procedure 3.410 states:

After the jurors have retired to consider their verdict, if they request additional instructions or to have any testimony read to them they shall be conducted into the courtroom by the officer who has them in charge and the court may give them the additional instructions or may order the testimony read to them. The instructions shall be given and the testimony read only after notice to the prosecuting attorney and to counsel for the defendant.
Fla. R.Crim. P. 3.410 (emphasis added).
[2] See also State v. Franklin, 618 So.2d 171 (Fla. 1993); Colbert v. State, 569 So.2d 433 (Fla.1990); Williams v. State, 488 So.2d 62 (Fla.1986); Curtis v. State, 480 So.2d 1277 (Fla.1985).
[3] Colbert, 569 So.2d at 435 ("This per se reversible error rule evolved as a prophylactic procedure to ensure that a trial judge's response to a jury request for additional instructions or to have testimony read is made in the presence of counsel."); cf. Pope v. State, 569 So.2d 1241, 1244 (Fla.1990)("[T]his per se [reversible error] rule is merely prophylactic in nature and must be invoked by contemporaneous objection at trial.... Where counsel affirmatively consents to separation [of the jury during deliberations] or where no objection is made ... the issue will be considered waived.").
[4] See State v. Lucas, 645 So.2d 425, 427 (Fla.1994)(recognizing exception to the fundamental error doctrine "where defense counsel affirmatively agreed to or requested the incomplete instruction"); State v. Rhoden, 448 So.2d 1013, 1016 (Fla.1984) ("The [contemporaneous objection] rule prohibits trial counsel from deliberately allowing known errors to go uncorrected as a defense tactic and as a hedge to provide a defendant with a second trial if the first trial decision is adverse to the defendant."); Clark v. State, 363 So.2d 331, 335 (Fla.1978)("[The defendant] will not be allowed to await the outcome of the trial with the expectation that, if he is found guilty, his conviction will be automatically reversed.").
[5] The fact that the bailiff, rather than the judge, communicated with the jury does not lessen the potential for prejudice. The bailiff's actions in this case violated section 918.07, Florida Statutes (1995), which prevents the officer in charge of the jurors from communicating with the jurors "on any subject except with the permission of the court given in open court in the presence of the defendant or his counsel." (Emphasis supplied). See also, e.g., McKinney v. State, 579 So.2d 80 (Fla.1991); Thiefault v. State, 655 So.2d 1277, 1278-79 (Fla. 4th DCA 1995).