PER CURIAM.
We affirm appellant’s convictions for criminal mischief and resisting an officer with violence. Appellant’s conviction for battery on a law enforcement officer is reversed on the authority of State v. Franklin, 618 So.2d 171 (Fla.1993). After the jury began deliberating, they submitted a written inquiry to the trial judge requesting a legal definition of a battery. The judge responded by sending to the jury a written additional instruction without first providing notice to appellant’s counsel of the inquiry and the court’s proposed response.
Florida Rule of Criminal Procedure 3.410 provides:
After the jurors have retired to consider their verdict, if they request additional instructions ... they shall be conducted into the courtroom by the officer who has them in charge and the court may give them the additional instructions.... The instructions shall be given ... only after notice to the prosecuting attorney and to counsel for the defendant.
In Franklin, the supreme court held that it is per se reversible error for a trial court to instruct a jury in violation of Rule 3.410. Here, the jury received an improper instruction relating to one of the charged offenses for which the appellant was convicted. In accordance with Franklin, we reverse the appellant’s conviction for battery on a law enforcement officer and remand for further proceedings.
AFFIRMED IN PART; REVERSED IN PART.
GRIFFIN, C.J., and DAUKSCH and PETERSON, JJ., concur.