732 So.2d 3 (1999)
Tommy HANNAH, Appellant,
v.
STATE of Florida, Appellee.
No. 97-2168.
District Court of Appeal of Florida, First District.
March 26, 1999.
Rehearing Denied May 4, 1999.
Nancy A. Daniels, Public Defender; Tracy M. Cheren, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Kristina White, Assistant Attorney General, Tallahassee, for Appellee.
VAN NORTWICK, J.
Tommy Hannah appeals his conviction for possession of cocaine, contending the trial judge committed per se reversible error when he answered a juror's inquiry in the form of an instruction without providing defense counsel an opportunity to object or offer input contrary to Florida Rule of Criminal Procedure 3.410. The state contends that, because appellant failed to demonstrate prejudice as required by section 924.051(3)(7), Florida Statutes (1997), this court should affirm. We cannot agree and reverse.
*4 Appellant was tried on charges of sale of cocaine and possession of cocaine with intent to sell. Appellant sought and was granted a judgment of acquittal on the count charging sale of cocaine because the rock of alleged cocaine which was involved in the sale transaction was never submitted for testing and not proven to be cocaine. The count charging possession of cocaine with intent to sell went to the jury. During deliberations, the jury asked a question about why the count charging sale of cocaine had been dropped. The court and counsel for the state and counsel for appellant agreed the jury should be told that as a matter of law there was not sufficient evidence to support a finding that the substance sold was cocaine. After the jury was given this additional instruction, the foreperson asked: "If we have any more questions are we to ... write it down?"
Then the following transpired:
A JUROR: I think the point being of that question, at what point are we supposed to disregard and what point are we not supposed to disregard based on that count no longer existing? At what point in the testimony are we supposed to disregard 
THE COURT: I didn't tell you to disregard any evidence. All of the evidence has been presented to you has been presented, and you should take it into consideration in deliberating your verdict. Nothing has been stricken from the record.
Okay. I will ask if you would [sic] to go back now to deliberate your verdict.
The jury then left the courtroom and the following proceedings occurred:
THE COURT: All right. We're outside the presence of the jury. Does either counsel for the State or defense have any objection to the answer given by the Court?
MR. CHISTOLINI: The State has none.
MR. OSHO: Except as to the second response. I don't want the jury to imply that the Court is commenting on the evidence.
THE COURT: I specifically did not.
MR. OSHO: Sure, I know that, but I believe that should have been left to the collective memory as to what facts should be relied upon and not relied upon. Right now it seems as to the second question, I think we should have consulted with defense counsel before it was answered.
Personally I think they should rely upon their own sole discretion, but right now the way its answered it's like everything is reliable.
THE COURT: No, I told them they're able to consider all of the evidence presented. I'm not telling them what to believe or disbelieve.
The jury returned a verdict finding appellant guilty of the lesser included offense of possession of cocaine.
Florida Rule of Criminal Procedure 3.140 provides:
After the jurors have retired to consider their verdict, if they request additional instructions or to have any testimony read to them they shall be conducted into the courtroom by the officer who has them in charge and the court may give them the additional instructions or may order the testimony read to them. The instructions shall be given and the testimony read only after notice to the prosecuting attorney and to counsel for the defendant.
In Ivory v. State, 351 So.2d 26, 28 (Fla. 1977), the Florida Supreme Court held that a violation of rule 3.410 is a per se reversible error. Even when there is notice to counsel, if counsel has not had an opportunity to argue and to place objections on the record before the instruction is given, per se reversible error has occurred. Mills v. State, 620 So.2d 1006, 1008 (Fla.1993).
*5 Section 924.051(7), Florida Statutes (1997), adopted as a part of the Criminal Appeal Reform Act of 1996, provides:
In a direct appeal or a collateral proceeding, the party challenging the judgment or order of the trial court has the burden of demonstrating that a prejudicial error occurred in the trial court. A conviction or sentence may not be reversed absent an express finding that a prejudicial error occurred in the trial court.
The state argues that the instant case should be affirmed because appellant has not demonstrated prejudice as required by section 924.051(7). We cannot agree. As the Supreme Court explained in Ivory, 351 So.2d at 28:
[I]t is prejudicial error for a trial judge to respond to a request from the jury without the prosecuting attorney, the defendant, and the defendant's counsel being present and having the opportunity to participate in the discussion of the action to be taken on the jury's request. (Emphasis supplied).
Further, "a per se rule is nothing more than a determination that certain types of errors are always harmful, i.e., prejudicial." State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986). Thus, per se reversible errors are errors which "can never be treated as harmless error." Id. Because prejudice is inherent in a per se reversible error, the requirements of section 924.051(3)(7), Florida Statutes (1997), are met here.
REVERSED and REMANDED for further proceedings consistent with this opinion.
ALLEN AND WEBSTER, JJ., CONCUR.