739 So.2d 1197 (1999)
James GREENFIELD, Appellant,
v.
STATE of Florida, Appellee.
No. 97-05346.
District Court of Appeal of Florida, Second District.
July 30, 1999.
Ann Lyman Steffens, Palm Harbor, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Diana K. Bock, Assistant Attorney General, Tampa, for Appellee.
FULMER, Judge.
Greenfield appeals his conviction for kidnapping, arguing that the trial court erred in denying his motion for new trial. We agree that Greenfield was entitled to a new trial because, in response to the jury's request during deliberations, the trial judge provided the jury with a dictionary without giving notice to counsel.
A bailiff testified at the hearing on the motion for new trial that during deliberations the jury foreman requested a dictionary and indicated that the jurors wanted to look up a word that appeared in the jury instructions. The bailiff relayed the request to the trial judge in her chambers. The judge said, "okay," and gave a dictionary to the bailiff, who in turn provided it to the jurors.
A dictionary is not one of the materials permitted to be taken into the jury room. See Fla. R.Crim. P. 3.400 (materials permitted to be taken into jury room). Consequently, the presence of a dictionary in the jury room is grounds for a new trial. See State v. Hamilton, 574 So.2d 124, 126 (Fla.1991)(citing Smith v. State, 95 So.2d 525 (Fla.1957)). In Smith, the court stated:
No book should be consulted by a jury in arriving at a verdict and especially one that defines and treats everything expressed by the English language. No maker of dictionaries should ever be allowed to define legal terms to a jury unless such definitions go through the medium of the trial judge, the only one authorized by law to give definitions and explanations to a jury.
95 So.2d at 528.
Further, a trial judge may not respond to a jury question without following the procedure set out in Florida Rule of Criminal Procedure 3.410, which provides:
After the jurors have retired to consider their verdict, if they request additional instructions or to have any testimony read to them they shall be conducted into the courtroom by the officer who *1198 has them in charge and the court may give them the additional instructions or may order the testimony read to them. The instructions shall be given and the testimony read only after notice to the prosecuting attorney and to counsel for the defendant.
A violation of the rule is per se reversible error. See Mills v. State, 620 So.2d 1006 (Fla.1993).
We recognize that in Thomas v. State, 730 So.2d 667 (Fla.1998), the supreme court decided that a rule 3.410 violation was not reversible error where defense counsel communicated acceptance of the procedure employed when specifically given an opportunity by the trial court to object. Greenfield's counsel was never invited to accept or object to the delivery of the dictionary to the jury. More importantly, unlike Thomas, in which the only violation was an improper communication that simply clarified a date on a trial exhibit, here the trial court's delivery of the dictionary violated not only rule 3.410 but also rule 3.400. On the facts in the record before us, we conclude that reversible error occurred. Accordingly, the trial court's order denying the motion for new trial is reversed.
Reversed and remanded.
CAMPBELL, A.C.J., and STRINGER, J., Concur.