PER CURIAM.
Defendant Daniel Wright (“defendant”), appeals his conviction claiming that the trial judge erred in answering a jury question without affording defendant’s counsel an opportunity to be heard. We affirm.
After the jury submitted a written question to the court, the trial judge requested that the attorneys appear before him. Once the state and defense attorneys were present, the trial judge stated:
The jury sent in a written question. Could we read the transcript of Officer Adams’ testimony? My answer is no you must rely on your collective memories.... Just for the record that’s why I brought you down. The record will note that the defense attorney and the State Attorney are present. Okay. That’s it.
Wright claims that he did not have an opportunity to be heard before the trial judge answered the jury’s question.
It is improper for a trial judge to answer a jury question without affording the prosecution and defense notice and an opportunity to be heard. See Ivory v. State, 351 So.2d 26 (Fla.1977). As stated in Ivory: “This right to participate includes the right to place objections on record as well as the right to make full argument as to the reasons the jury’s request should or should not be honored.” Ivory v. State, 351 So.2d at 28.
Here, defendant’s counsel was informed how the judge intended to rule. At no time did the trial judge refuse a request to hear arguments or any objections. After the judge said “okay,” defendant’s counsel had an opportunity to object and, apparently, chose not to. The fact that Wright’s counsel remained silent does not mean that he did not have an opportunity to be heard. Accordingly, we affirm.
Affirmed.