802 So.2d 1161 (2001)
Jerry Derrell PAIGE, Appellant,
v.
STATE of Florida, Appellee.
No. 1D00-0212.
District Court of Appeal of Florida, First District.
November 26, 2001.
Rehearing Denied January 10, 2002.
Nancy A. Daniels, Public Defender, and Nancy L. Showalter, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, and Charmaine M. Millsaps, Assistant Attorney General, Tallahassee, for Appellee.
*1162 BARFIELD, J.
Jerry Derrell Paige appeals his convictions for burglary of a dwelling while armed and armed robbery, contending the trial judge committed per se reversible error when he responded to a jury's request for additional instructions without affording defense counsel an opportunity to fully participate in a discussion of the action to be taken on the request and to place objections on the record contrary to Florida Rule of Criminal Procedure 3.410. We disagree and affirm.
During deliberations, the jury indicated to the security officer that they had a question. The officer told them to submit the question in writing. The question was: "We would like to see the judge." The judge read the question in the presence of appellant and defense counsel, and the jury was then brought in to the courtroom. The judge stated to the jury:
I must advise you that any communications I have with you must be on the record in the presence of the attorneys and the defendant. Any questions that you ask must be reviewed by me with the attorneys before I could even try to answer it. That's why usually we have these in writing so that I can examine them with the attorneys so that I can prepare to appropriately and legally respond to you.
The jury foreman then indicated the jury members had a question about the verdict form. He asked, "If we checked guilty as charged and we check no [to the interrogatory asking whether appellant possessed or carried a gun], does the yes or no go with the top or the bottom." The judge informed the jury that the interrogatory applied only if appellant was found guilty as charged; it did not relate to any of the lesser included offenses. The foreman then asked: "Well, if you check one of the lesser charges, does that take thetake away from the fact of him being one of the principals?" The judge replied, "Sir, you can only find him guilty as charged or one of the lesser included offenses. That's all I can advise you." The jury then went out to resume deliberations.
Defense counsel asked if the judge could stop one second, and the judge observed that he forgot to include "not guilty" as an option. The jury was brought back in and the following exchange occurred:
Judge: Members of the jury, I apologize once again, but I need to make sure it's absolutely clear that you understand. You can find him guilty only as charged or a lesser included offense or not guilty. Those are your options. Okay. Guilty as charged or one of the lesser included offenses or not guilty on each count. All right. Yes, sir.
Juror: Principal. If you're a principal in theon it, you don't necessarily have to have been there, just have knowledge and all of it right?
Judge: If the jury is asking me to reread the principal instruction, I will do so.
Juror, Yeah. Read it.
The judge re-read the instruction, the jury again left the court room, and the transcript then indicates a recess.
After the jury reached a verdict, but before the jury returned to the courtroom, defense counsel indicated he wanted to move for a mistrial based on the procedure during the questions by the jury. Defense counsel stated he was not saying any of the judge's responses were erroneous, but he was supposed to have a chance to give *1163 his opinion or make an objection before the jury was given a response and instead it ended up being a colloquy. The judge noted defense counsel's objection and noted the presence of appellant and defense counsel at all times during his exchange with the jury.
Florida Rule of Criminal Procedure 3.410 provides:
After the jurors have retired to consider their verdict, if they request additional instructions or to have any testimony read to them they shall be conducted into the courtroom by the officer who has them in charge and the court may give them the additional instructions or may order the testimony read to them. The instructions shall be given and the testimony read only after notice to the prosecuting attorney and to counsel for the defendant.
In Ivory v. State, 351 So.2d 26 (Fla.1977), the supreme court held that a violation of rule 3.410 is a per se reversible error. Even when there is notice to counsel, if counsel has not had an opportunity to argue and to place objections on the record before the instruction is given, per se reversible error has occurred. Mills v. State, 620 So.2d 1006, 1008 (Fla.1993).
The state argues that this issue was waived because defense counsel failed to object to the trial judge re-reading the instruction both immediately before and after the trial judge did so, citing Thomas v. State, 730 So.2d 667 (Fla.1998) as support for its position that an Ivory error may be waived. In Thomas, the judge advised the prosecutor and defense counsel shortly before the jury returned a guilty verdict that the jury had a question regarding an exhibit shortly after retiring to the jury room, and that he had answered the question. The judge then asked if either had an objection to the process. Defense counsel stated he did not. Thomas then argued on appeal that the violation of rule 3.410 was per se reversible error pursuant to Ivory. The majority agreed that defense counsel had affirmatively waived the issue by communicating to the trial judge his acceptance of the procedure when later given an opportunity to object.
In cases where defense counsel has not affirmatively communicated acceptance of the procedure, the supreme court has consistently applied the per se reversible error standard. In Mills v. State, 620 So.2d 1006 (Fla.1993), the jury sent a note to the trial judge during deliberations. The judge notified both counsel that the jury had a question. Defense counsel asked what the question was, but the judge declined to tell him, saying that there was no need to talk about it. The jury was brought in, and the judge read the question, which was: "Could you please clarify or provide a copy of the law on armed trafficking?" The judge said he could not do that, but he would re-read the law he had read a few moments before. After rereading the instructions on trafficking, the jury resumed deliberations. After the jury left, defense counsel objected to the fact that he did not get a chance to discuss the question. He asked the judge to read the entrapment instruction to the jurors so they would be given a more complete answer. The judge noted the objection and refused defense counsel's request.
The supreme court in Mills rejected the state's argument that the error was harmless. The supreme court determined defense counsel was not given a meaningful opportunity to argue his position as to how the question should be answered:

*1164 Mills and his counsel were present when the jury's question was answered, and Mills was given an opportunity to argue his position and present his objections, but only after the jury was instructed. There is a substantial difference between allowing discussion before the question is answered and allowing discussion after the question is answered and the jury is sent back to deliberate.
Accordingly, it seems irrelevant that appellant's defense counsel objected after a recess rather than immediately after the instruction was re-read to the jury. The appellant's counsel was not given a meaningful opportunity to discuss the proper response before the question was answered. See also Bradley v. State, 513 So.2d 112, 114 (Fla.1987) (supreme court rejected the state's argument that all that is required under rule 3.410 is presence of counsel, stating the "right to participate, set forth in Ivory, includes the right to place objections on the record as well as the right to make full argument as to why the jury request should or should not be honored."); Curtis v. State, 480 So.2d 1277, 1278 (Fla.1985) (supreme court rejected the state's argument that reversal should not be required when the record is adequate to show lack of prejudice); Hannah v. State, 732 So.2d 3, 5 (Fla. 1st DCA 1999) (a per se rule is nothing more than a determination that certain types of errors are always harmful, i.e., prejudicial. Thus, per se reversible errors are errors which can never be treated as harmless error).
The state's reliance on Wright v. State, 759 So.2d 730 (Fla. 3d DCA 2000), is misplaced. In Wright, the jury submitted a written question. Once the attorneys were present, the judge advised the attorneys of the question and how he intended to rule. Wright argued on appeal that he did not have an opportunity to be heard before the judge answered the question. The panel disagreed noting that after the judge stated his intended response, "defendant's counsel had an opportunity to object and, apparently, chose not to. The fact that Wright's counsel remained silent does not mean that he did not have an opportunity to be heard." 759 So.2d at 731. In contrast to the present case, Wright's counsel was informed by the trial judge of the intended response to the jury's question before the response was given.
But for some preservation of error language in Thomas, it would appear that the defendant and his counsel may be present in the courtroom, stand mute while the trial judge commences a discussion with the jury without first inviting comment from the defense, and thereafter always get a new trial. Trial judges would have to beware this pitfall or suffer a new trial even upon the defense's calculated silence. However, in Thomas the Supreme Court, for the first time, introduced a preservation issue which previously had not been discussed in the case. The only issue present and ruled upon by this court was affirmative waiver. See Thomas v. State, 700 So.2d 734 (Fla. 1st DCA 1997). The Supreme Court said in clear and unequivocal terms:
The per se reversible error rule announced in Ivory is prophylactic in nature and must be invoked by a contemporaneous objection at trial.
Thomas, 730 So.2d at 668.
Because defense counsel and defendant were present in the courtroom at the time of the asserted error and did not make a contemporaneous objection at trial, we affirm.
WOLF and POLSTON, JJ., Concur.