816 So.2d 182 (2002)
Dereck S. SAILOR, Appellant,
v.
STATE of Florida, Appellee.
No. 1D99-4510.
District Court of Appeal of Florida, First District.
May 2, 2002.
*183 Nancy A. Daniels, Public Defender, and Steven A. Been, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, and Robert R. Wheeler, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant challenges a conviction and sentence entered after a jury trial. We conclude that he has shown no basis for reversal of the conviction, but that the sentence must be vacated and the case remanded for resentencing in accordance with Heggs v. State, 759 So.2d 620 (Fla. 2000).
Among other assertions, the appellant contends that the trial court erred by responding to a jury inquiry without notifying the parties. Characterizing this as a violation of Fla. R.Crim. P. 3.410, the appellant maintains that it is per se reversible error under Ivory v. State, 351 So.2d 26 (Fla.1977). However, as the supreme *184 court more recently explained in Thomas v. State, 730 So.2d 667 (Fla.1998), this prophylactic rule from Ivory must be invoked by a contemporaneous objection. In the present case the appellant did not object until after the verdict was announced and the jury was discharged, and in accordance with Thomas the issue has not been preserved for appeal.
The appellant suggests that he could not have objected to the court's response to the jury inquiry before it happened because he was then unaware of this communication. But the contemporaneous objection requirement in Thomas does not necessitate such an advance objection, and instead may be satisfied if the objection is promptly brought to the court's attention when the communication becomes known. The appellant did not do this but rather chose to allow the jury to continue its deliberation, and the appellant awaited the verdict before complaining of the communication which is now urged as error on appeal. This approach, whereby a party waits to see if the jury renders a favorable verdict while the party withholds a claim of error in the process, is the type of gamesmanship which the contemporaneous objection requirement is designed to prevent. And while Thomas also involved an affirmative waiver of the asserted error therein, that additional factor does not negate the necessity of a proper contemporaneous objection.
Thomas also involved a situation where the trial court expressly invited the parties to present their objections before the jury returned its verdict, and the second district noted this as a distinguishing factor in Greenfield v. State, 739 So.2d 1197 (Fla. 2d DCA 1999). As in the present case, the Greenfield jury asked for a dictionary, but in Greenfield the trial court granted the request and sent a dictionary into the jury room, whereas here the court denied the request and directed the jury to use its "common sense" and "collective reasoning." The present case does not involve the greater concern in Greenfield as to a violation of Fla. R.Crim. P. 3.400 with regard to the materials which may be permitted in the jury room, apart from the asserted rule 3.410 violation. Furthermore, although the court here did not expressly invite the parties' objections the record indicates that the court was continuously available and that an objection could have been presented when counsel learned of the communication during the deliberative process, and before the jury returned a verdict. Indeed, the court heard and ruled upon another of the appellant's objections while the jury deliberated. There was ample opportunity here for a proper and timely objection, and the appellant's attempt to interject the issue after the verdict does not comport with the contemporaneous objection requirement in Thomas.
The appellant's sentence was imposed under the 1995 sentencing guidelines which were held to be unconstitutional in Heggs v. State. The appellant's offense occurred during the window period for relief under Heggs, and as indicated in Trapp v. State, 760 So.2d 924 (Fla. 2000), and the appellant raised this issue below by a Florida Rule of Criminal Procedure 3.800(b)(2) motion. The state acknowledges that the 1994 sentencing guidelines would yield a different sentencing range, and that the appellant is entitled to resentencing.
The appellant's conviction is affirmed, but the sentence is vacated and the case remanded for resentencing.
ALLEN, C.J., MINER and DAVIS, JJ., CONCUR.