957 So.2d 115 (2007)
John Paul JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-4853.
District Court of Appeal of Florida, Fourth District.
May 16, 2007.
Carey Haughwout, Public Defender, and James W. McIntire, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and August A. Bonavita, Assistant Attorney General, West Palm Beach, for appellee.
TAYLOR, J.
Appellant was charged with DUI manslaughter and DUI/serious bodily injury. During deliberations, the jury submitted questions to the trial court. Rather than call the jury to the courtroom to answer the questions, the court responded in writing after consulting with counsel for both *116 parties. We hold that no fundamental error occurred when the trial court answered the questions without calling the jury to the courtroom.
During deliberations at appellant's trial, the jury submitted three questions to the court. First, the jury asked: "[I]s there a law stating how much of a controlled substance one may have in the body? Example, alcohol, .08." Both defense counsel and counsel for the prosecution agreed that the court should tell the jury "no." The court stated: "Okay. I'm just going to write it on the bottom here." Both counsel stated that they had no objections. The defendant was present while the question was discussed.
The jury then submitted a second question: "[W]as the dosage of medication pump increased the day of the accident?" The court met again with counsel and advised that it would send back an answer that the jury must rely on its collective memory. Both counsel responded that they did not object. Finally, the jury asked, "Is there a statue (sic) for the DUI we may see, possibly statue (sic), Florida Law F.S. 893.03?" Again, both defense counsel and prosecution agreed on the response. The court sent the jury a written response, telling them to rely on the instructions already given.
The jury returned a verdict of guilty of driving while under the influence, a lesser included offense, and guilty of driving while under the influence causing serious bodily injury, as charged in the information.
Florida Rule of Criminal Procedure 3.410 instructs the trial judge on the procedures to follow when the jury requests additional instructions after they have retired to deliberate:
After the jurors have retired to consider their verdict, if they request additional instructions or to have any testimony read to them they shall be conducted into the courtroom by the officer who has them in charge and the court may give them the additional instructions or may order the testimony read to them. The instructions shall be given and the testimony read only after notice to the prosecuting attorney and to counsel for the defendant.
The purpose of the rule is "to prevent [] the lack of notice to counsel, coupled with the lost opportunity for counsel to argue and to place objections on the record." Thomas v. State, 730 So.2d 667, 668 (Fla.1998) (quoting Mills v. State, 620 So.2d 1006, 1008 (Fla.1993) (citation omitted)).
In Hildwin v. State, 531 So.2d 124 (Fla. 1988), the jury sent a written question regarding the facts of the case to the judge during deliberations. The judge called counsel into his chambers, read them the question, and proposed an answer, to which counsel agreed. Id. at 127. The judge wrote the answer on the jury's note and returned it. Id. The judge did not return the jury to the courtroom to answer the question; there was no record evidence that the defendant was present in the judge's chambers while the judge and counsel discussed the question. Id. The supreme court concluded, "[T]he only violation of the rule occurred when the judge failed to return the jury to the courtroom. Under the circumstances, this was harmless error. (citations omitted) Clearly, the appellant suffered no prejudice." Id.
Similarly, based on Hildwin, we find that no fundamental error occurred here and affirm the judgment of conviction.
Affirmed.
STONE, J., and COLBATH, JEFFREY, Associate Judge, concur.