PER CURIAM.
Appellant was convicted of aggravated assault and aggravated battery. He challenges the validity of his convictions on the ground that they were the product of jury reinstructions given in the absence of appellant, and without notice to his attorney. We agree that those omissions of the trial court constitute reversible error.
Procedure for jury reinstruction is governed by Fla.R.Crim.P. 3.410:
After the jurors have retired to consider their verdict, if they request additional instructions or to have any testimony read to them they shall be conducted into the courtroom by the officer who has them in charge and the court may give them such additional instructions or may order such testimony read to them. Such instructions shall be given and such testimony read only after notice to the prosecuting attorney and to counsel for the defendant.
Moreover, “[i]n all prosecutions for crime the defendant shall be present At all proceedings before the court when the jury is present.” Fla.R.Crim.P. 3.180(a)(5).
The requirement of notice to counsel was intended to secure the full performance of their duties during trial, including both the rendering of advice to the court, and the making of timely objection to error. The right of a defender to be present at his trial is basic to our jurisprudence, and serves to ensure propriety, and the appearance thereof.
*150 To best effectuate these considerations, the Florida Supreme Court has ruled that contravention of the aforementioned requirements is prejudicial error per se. Ivory v. State, 351 So.2d 26 (Fla.1977).
Appellee’s argument relating to waiver is not substantiated in the record. We therefore do not consider when, and if, compliance with the rules may be waived, or under what circumstances the deviation therefrom may be ratified.
We reverse for new trial.
Reversed.