431 So.2d 194 (1983)
Alton H. COLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 82-2171.
District Court of Appeal of Florida, Second District.
April 20, 1983.
Rehearing Denied May 16, 1983.
*195 Jerry Hill, Public Defender, Bartow, and Rick Dalan, Asst. Public Defender, Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Judge.
After conviction, Alton H. Coley moved for a new trial on the ground that the court had communicated with the jury outside the presence of himself and his counsel. The trial court denied his motion. Coley appeals. We reverse.
The state charged defendant Coley with grand theft of an automobile on March 2, 1982, in violation of section 812.014, Florida Statutes (1981). A jury returned a verdict of guilty. The trial judge found Coley to be a habitual offender and, pursuant to section 775.084(4)(a), sentenced him to ten years in prison.
Defendant moved for a new trial on two grounds.[1] In his second ground Coley averred that he had "reason to believe that during the jury's deliberations, the jurors made a request to the bailiff, and presumptively to the Court, and received a response to that request outside of open court."
When the motion for new trial was argued, the trial judge proceeded to explore the allegations concerning communication with the jury, and the following candid dialogue ensued:
THE COURT: ... I know of nothing that occurred here in the course of that trial that was improper. There was a request made from a member of the Jury as to something, I don't know what it was, and I just advised Mr. Watson [the bailiff] that it would be denied.
I think they wanted all the testimony read back, I am not sure.
MR. SHIPP [defense counsel]: If this Court would make a finding as to that, I think I can argue the Motion.
THE COURT: Well 
MR. SHIPP: Without having to proceed further.
THE COURT: I was in Judge Parker's chambers, and Mr. Watson came in and advised me that a member of the Jury, I don't know whether it was the Foreperson or the person that had been elected as Foreperson or not, requested that something be done. I just advised Mr. Watson in about two very short sentences that it would not be done.
So, I am going to deny your Motion.
The dialogue on this subject concluded with these final observations by the court:
THE COURT: Mr. Shipp, I had no communication with the Jury. I did not talk to any member of that Jury.
MR. SHIPP: You did advise 
THE COURT: I told Mr. Watson to tell them that they were to rely on their own recollection, which is what I am relying on right now, because it has been several weeks ago.
In Ivory v. State, 351 So.2d 26 (Fla. 1977), the supreme court quoted approvingly from Slinsky v. State, 232 So.2d 451 (Fla. 4th DCA 1970), where that court stated:

*196 After the case was submitted to the jury and during the course of their deliberations in the jury room, the jury sent a message by the bailiff to the trial judge. It requested that certain testimony be read back to them. The court summarily denied the request. This procedure was accomplished without inquiry, without opening court and without advising the defendant's counsel or the prosecuting attorney. It was also conducted outside the presence of the defendant. This procedure was assigned as error. We believe that it was and because of it that defendant should have a new trial.
In Ivory the court held that it was prejudicial error for the trial judge to respond to a request from the jury without the prosecuting attorney, the defendant, and defendant's counsel being present with the opportunity to participate in the discussion of the action to be taken on the jury's request. Failure of the trial court to allow counsel an opportunity to participate in a discussion of what action should be taken on the jury's request constitutes reversible error. Williams v. State, 413 So.2d 1263 (Fla. 1st DCA 1982); Taylor v. State, 385 So.2d 149 (Fla. 3d DCA 1980). See also Fla.R.Cr.P. 3.410.
The state calls our attention to Hitchcock v. State, 413 So.2d 741 (Fla.), cert. denied, ___ U.S. ___, 103 S.Ct. 274, 74 L.Ed.2d 213 (1982), which defense counsel alluded to in his motion for new trial. Hitchcock was charged with murder in the first degree. The jury found him guilty as charged and sentenced him to death. While the jury was deliberating on the issue of guilt or innocence, it sent the following note to the trial judge: "Is it required for us to recommend death penalty or life at this time?" Since the jury was then deliberating on the issue of guilt or innocence, the judge wrote back, "You should not consider any penalty at this time  only guilt or innocence." The supreme court rejected Hitchcock's contention that he was entitled to a new trial because of the trial court's communication with the jury during its deliberations. The court cited the general rule which it announced in Ivory; however, the court observed that, while the record was silent as to whether or not the parties were present during the exchange of notes, such notes were filed in open court. The court then went on to say that this communication did not fall within the scope of Florida Rule of Criminal Procedure 3.410 and that Hitchcock had failed to demonstrate anything more than harmless error regarding this point.
We do not think the case before us could come within the narrow exception approved by the supreme court in Hitchcock. The record in Hitchcock establishes that the communication with the trial judge was on a matter not within the province of the jury. Here, we can only speculate as to what the jury was requesting. Therefore, we think the present case is controlled by Ivory.
Finally, we find no merit in defendant's remaining challenge to the validity of the investigatory stop of defendant by the police.
We vacate the judgment and sentence and grant the defendant a new trial.
OTT, C.J., and HOBSON, J., concur.
NOTES
[1] In the first ground defendant contended that the trial court's refusal to instruct the jury on the lesser included offense of temporary unauthorized use of a motor vehicle (section 812.041) was error. While our disposition of the case makes it unnecessary to reach that issue, we note that in State v. Dunmann, 427 So.2d 166 (Fla. 1983), the supreme court held that section 812.041 was repealed by implication by enactment of Chapter 77-342, Laws of Florida (codified as the Florida Anti-Fencing Act, sections 812.012-.037, Florida Statutes).