SCHOONOVER, Judge,
dissenting.
I respectfully dissent. I would reverse and remand for a new trial on the sexual battery and false imprisonment charges on which the defendant was convicted and sentenced.
*438 The record establishes that prior to the jury request involved in this matter, the jury had been brought into the courtroom on one prior occasion. At that time, the jury asked a question concerning the false imprisonment charge and was referred to the written jury instructions which had been provided to each juror.
The court next reconvened to consider the jury’s request to have the testimony of the victim and another witness read back to it. The court announced that the testimony could not be read because the court reporter who took the requested testimony was not present and the reporter’s notes and tapes were not available; therefore, the court would have to consider alternatives.
The defendant suggested a mistrial, and the state suggested that the jurors be informed that they could either deliberate further and rely on their own memories, or they could come back Monday and have the requested testimony read to them.
Before ruling on the jury’s request, the judge had the jurors brought into the courtroom and advised them that the testimony was not available. The judge then asked the jury if it had been able to reach a verdict on any of the counts without the necessity of hearing the requested testimony and, if so, whether it had reached a verdict on more than one count. The jury answered both questions in the affirmative and was then sent back to the jury room.
The judge then informed the attorneys that she was inclined to have the jury return the verdicts on those counts on which it had been able to reach a final verdict, unaffected by its request to listen to the testimony, and to declare a mistrial on the other count or counts. The defendant argued that since all the charges were interrelated, a mistrial should be granted on all counts. The state argued that each charge was separate and distinct. The judge then stated, “So, I’m going to deny the motion for mistrial as to the entire trial, have the jury return the verdicts that they have reached a decision on and declare a mistrial on those counts that they have not reached a decision on.”
The jury was returned to the courtroom at 7:57 p.m. The judge stated to the jury, “So, what I’m going to do is ask you to present the verdicts that you have reached, and it would be my intention to declare a mistrial as to those — that count or those counts that you have not reached a verdict on.” The judge went on to say:
Now, knowing that that is what I intend to do, if you wish to continue your deliberations, you may do that. If you do not feel that you could reach a verdict on those matters that you have not reached one on knowing this testimony is not available, then I’m asking you to submit the verdicts that you have to the Court. If you feel that you need to go to the jury room to discuss that, you may do that.
The jury responded affirmatively and retired at 7:59 p.m. The defendant then renewed his objection to the instruction that the court had announced it was going to give and also objected to the additional instruction that the court had given without prior notice to counsel or opportunity to object.
Pursuant to the court’s instruction, the jury went to the jury room, considered the alternatives given it by the court, decided to deliberate, reached verdicts on all counts, and returned to the courtroom at 8:03 p.m., only four minutes after it had last retired.
Although I believe that portion of the last instruction which gave the jury the option to deliberate further without the requested testimony being read back to them would have been correct if given alone, it was improper when the jurors were first told that the court would declare a mistrial on those counts that they had not reached a verdict on. Furthermore, the court erred by not informing the attorneys of its intention to give the instruction and allowing them the opportunity to object and argue their position before the instruction was given.
Florida Rule of Criminal Procedure 3.410 provides that if jurors request additional instructions or to have any testimony read to them after they have retired to consider *439 their verdict, they shall be conducted into the courtroom by the officer who has them in charge and the court may give them such additional instructions or may order such testimony read to them. The rule provides further, however, that such instruction shall be given and such testimony read only after notice to the prosecuting attorney and to counsel for the defendant.
In Ivory v. State, 351 So.2d 26 (Fla.1977), the supreme court in considering rule 3.410 held that it is prejudicial error for a trial judge to respond to a request from the jury without the prosecuting attorney, the defendant, and defendant’s counsel being present and having the opportunity to participate in the discussion of the action to be taken on the jury’s request. This right to participate includes the right to place objections on the record as well as the right to make full argument as to the reasons the jury’s request should or should not be honored. Ivory; See also, Coley v. State, 431 So.2d 194 (Fla. 2d DCA 1983).
When the jury here asked to have certain testimony read back to it, the court could have, within a proper exercise of its discretion, either recessed until the court reporter who took the testimony was available to read the testimony to the jury or instructed the jurors that the testimony was not available and that they should rely on their memories and continue their deliberations. Simmons v. State, 334 So.2d 265 (Fla. 3d DCA 1976). Instead, after having informed the attorneys that the jury would be instructed to return verdicts on those charges they had already decided and that she was going to declare a mistrial on the remaining charges, the judge gave the modified instruction quoted above without any prior notice to the attorneys of her intention to give the modified instruction. This was error because the parties, through their counsel, have the right to be advised of any questions raised by the jury and any proposed responses to said questions. Flowers v. State, 348 So.2d 602 (Fla. 4th DCA 1977). See also, Ivory.
I could agree with the majority that the final part of the modified instruction in which the judge gave the jury the option of continuing its deliberations without having the requested testimony read to it was a proper instruction if the court had followed rule 3.410. See Simmons. The judge erred, however, by preceding that instruction with the statement that she was going to declare a mistrial if the jurors chose not to deliberate further. Since the jury had never announced that it could not reach a verdict nor indicated that it was deadlocked, the giving of what the defendant referred to as a modified “Allen” charge was improper. Warren v. State, 498 So.2d 472 (Fla. 3d DCA 1986), petition for review denied, 503 So.2d 328 (1987). I cannot say that the defendant was not prejudiced as a result of this charge when the jury, who minutes earlier had asked that lengthy testimony be read back to it, decided to proceed, deliberated, signed verdicts, and returned to the courtroom in four minutes. See State v. DiGuilio, 491 So.2d 1129 (Fla. 1986).
Even if the portion of the instruction giving the jury the option to continue its deliberations had been proper and had been given for the purpose of correcting the first portion of the instruction, the court still erred by not following Florida Rule of Criminal Procedure 3.420 which allows the court to recall the jurors after they have retired to consider their verdict for the purpose of correcting any erroneous instruction already given to them. This rule provides that such corrective instructions may be given only after notice to the prosecuting attorney and to counsel for the defendant. Fla.R.Crim.P. 3.420.
Because the court, to the possible prejudice of the defendant, gave counsel neither prior notice of its last instruction to the jury nor the opportunity to make full argument as to the instruction given, I would reverse and remand for a new trial. Fla.R. Crim.P. 3.410 and 3.420; Ivory.