562 So.2d 388 (1990)
Shawn A. LACUE, Appellant,
v.
STATE of Florida, Appellee.
No. 89-0877.
District Court of Appeal of Florida, Fourth District.
May 30, 1990.
Rehearing Denied July 11, 1990.
*389 Richard L. Jorandby, Public Defender, and Allen J. DeWeese, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Patricia G. Lampert, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
We reverse and remand for a new trial.
The trial court erred in receiving and responding to a jury question and in allowing the jury to replay the victim's taped statement to the police without notice to and in the absence of defense counsel. This is so, even though the tape had been previously admitted into evidence. See Fla. R. Crim. P. 3.400.
In Williams v. State, 488 So.2d 62 (Fla. 1986), the supreme court concluded that the assumption underlying rule 3.400 is that both the state and defendant will be present at the time the judge directs that the material may be taken into the jury room and may be replayed by the jury. More recently, the supreme court reaffirmed the principle that it is reversible error for the trial judge to respond to a request from a jury without the prosecuting attorney, the defendant, and defendant's counsel being present and having an opportunity to participate in the discussion of the action to be taken on the jury's request. Bradley v. State, 513 So.2d 112 (Fla. 1987). We are satisfied that the record adequately reflects that both counsel were absent at 10:45 a.m. when the jury made its request.
The trial court's failure to comply with the statutory requirements of section 90.803(23), Florida Statutes (1987), also warrants reversal. The record indicates that while there was some discussion concerning the admissibility of the child/victim's out-of-court statements, there were no specific findings of fact on the record as to the basis of the trial court's ruling or as to reliability. Woodfin v. State, 553 So.2d 1355 (Fla. 4th DCA 1989); Bradley v. State, 540 So.2d 185 (Fla. 5th DCA 1989). It is also reversible error when the trial court merely recites the boiler plate language of the statute into the record. Jaggers v. State, 536 So.2d 321 (Fla. 2d DCA 1988). Accordingly, we reverse appellant's conviction and sentence and remand for a new trial.
HERSEY, C.J., and GUNTHER and POLEN, JJ., concur.