PER CURIAM.
Reversed and remanded for a new trial. We agree with appellant that the trial court erred in admitting into evidence a video deposition of the child-victim. Cf. Lacue v. State, 562 So.2d 388 (Fla. 4th DCA 1990). We reject the state’s contention that the deposition was admissible under the provisions of section 90.608, Florida Statutes (1987), for impeachment purposes. The child, although called by the state as a witness, simply failed to respond to numerous questions by the state. She was not subjected to questions by the defense. This appearance before the jury did not justify admission of her deposition without compliance with the provisions of section 90.803(23) of the evidence code which per *90 mits, under prescribed and limited circumstances, the admission of statements of child victims. No claim is asserted here that the statement was qualified under section 90.803(23). In fact, the trial court expressly noted that the circumstances under which the deposition was given undermined its trustworthiness.
We also reject the state’s claim that the deposition was admissible because of the admission of testimony by the child’s mother concerning statements made to her by the child. The mother’s testimony was admitted after compliance with, and pursuant to, the provisions of section 90.803(23). We reject the state’s contention that otherwise inadmissible hearsay statements may be admitted to “impeach” admissible statements. We hold that it is not proper to admit as impeachment under section 90.-608, out of court statements of a witness that may conflict with other out of court statements of the witness properly admitted under section 90.803(23). In our view, such a construction of the impeachment exception to the hearsay rule would undermine the purposes of both the basic hearsay rule and the limited exception thereto set out in section 90.803(23).
Accordingly, we reverse and remand with directions that a new trial be conducted in accord herewith.
ANSTEAD, STONE and WARNER, JJ., concur.