655 So.2d 1277 (1995)
Kenneth THIEFAULT, Appellant,
v.
STATE of Florida, Appellee.
No. 93-3583.
District Court of Appeal of Florida, Fourth District.
June 7, 1995.
Michael S. Pasano and Jennifer Coberly, Zuckerman, Spaeder, Taylor & Evans, Miami, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Anne Carrion Pinson, Asst. Atty. Gen., West Palm Beach, for appellee.
PARIENTE, Judge.
Defendant, Kenneth Thiefault, appeals his convictions for racketeering, securities fraud and second and third-degree grand theft. The state concedes, and we agree, that a reversal of defendant's convictions is mandated because during jury deliberations the bailiff provided the jury with unauthorized access to a tape player which allowed the jury to review defendant's taped statement without the knowledge of the trial court, the attorneys and defendant.
Shortly after the trial court released the jury following its first day of deliberations, defendant's counsel noticed the courtroom bailiff carrying a tape player out of the jury room. Defendant's counsel had not been informed of any request by the jury to review evidence and immediately objected. The tape player contained a tape of defendant's sworn statement to police. Although *1278 the tape had been admitted into evidence, portions relating to defendant's prior arrests had been excluded. Upon publication of the taped statement to the jury, the tape had been cued to a point past the inadmissible portion.
After further inquiry, the trial court learned from the bailiff that the jurors had asked for a tape player and he had given one to them. It was undisputed that the bailiff had not informed the parties or the trial court of this request and acted on his own. The trial court then learned that the jury had listened to the entire tape, including the inadmissible portions. After receiving assurances from the jurors that they could disregard the inadmissible statements, the trial court denied defendant's motion for mistrial. The trial court gave a curative instruction, instructing the jurors to disregard what they had heard. However, we conclude this error could not be cured other than by declaring a mistrial and granting a new trial.
As the state now concedes, the trial court had no choice but to grant a mistrial because what occurred in this case directly violated rule 3.410 of the Florida Rules of Criminal Procedure which governs the jury's request to review evidence. Additionally, what occurred led to a violation of rule 3.400 which prohibits unauthorized materials in the jury room. See generally State v. Hamilton, 574 So.2d 124 (Fla. 1991).
Rule 3.410 provides that any request by a deliberating jury can be acted on only after notice to the prosecuting attorney and to counsel for the defendant. In Ivory v. State, 351 So.2d 26, 28 (Fla. 1977), the supreme court held that a violation of rule 3.410 constitutes per se reversible error. In Ivory, the trial court had received requests from the jury to view the jury instructions, the defendant's statement, the medical examiner's report and the legal definitions of particular crimes. Without notifying the defendant, his counsel or the prosecutor, the trial court ordered the bailiff to deliver the documentary exhibits requested. It was later discovered that the medical examiner's report had never been admitted into evidence.
In adopting a per se rule of reversal where communications between the court and the jury occur outside the presence of the attorneys and the defendant, the supreme court explained that "any communication with the jury outside the presence of the prosecutor, the defendant, and defendant's counsel is so fraught with potential prejudice that it cannot be considered harmless." Id. Pointing to the wisdom and practicality of such a rule, the supreme court observed that the matter concerning the medical examiner's report probably would never have occurred if the proper procedure had been followed. See also Mills v. State, 620 So.2d 1006 (Fla. 1993); Williams v. State, 488 So.2d 62 (Fla. 1986).
In Lacue v. State, 562 So.2d 388, 389 (Fla. 4th DCA 1990), this court concluded that the trial court committed reversible error where it had received and responded to a jury question and allowed the jury to replay the victim's taped statement, without notice to and in the absence of defense counsel, even though the entire tape had been previously admitted into evidence. Here, the error committed was compounded by the fact that the jury heard not only the portion of the tape which had been admitted into evidence, but also portions which had been excluded.
The excluded portions referred impermissibly to defendant's prior arrests for interfering with a police officer and for grand larceny. The transcript of the statement had been redacted. At trial, the jury never heard this testimony which was properly excluded. Any mention of the prior arrests which did not result in convictions and any mention of the specific charges involved, particularly the arrest for grand larceny in light of the nature of the charges in this case, would have been clearly improper and would have constituted independent grounds for reversal.
Finally, we note that the error which occurred here was additionally compounded by the fact that the bailiff acted on the jury's request for the tape player without communicating with the trial court. Such conduct violated section 918.07, Florida Statutes *1279 (1993), which provides that the officer in charge of jurors "shall not communicate with the jurors on any subject connected with the trial." When the jurors asked the bailiff for a tape player to re-play the tape of defendant's statement, instead of contacting the judge, the bailiff gave the jurors a tape player on his own initiative and without a word to anyone.
During a trial, the bailiff is the link between judge and jury. The bailiff is "the intermediary between the court and jury on a myriad of matters, from requests for food to eat to requests for evidence to digest." Sears Roebuck and Co. v. Polchinski, 636 So.2d 1369, 1371 (Fla. 4th DCA), review denied, 648 So.2d 724 (Fla. 1994). While it may be tempting for a bailiff to answer the jurors' requests directly, the efficient administration of justice demands that the bailiff not act on requests related to the case except to communicate the jurors' requests to the court. The result here was to violate two established rules of criminal procedure, effectively denying defendant a fair trial.
As in Ivory, we note the wisdom of the rules governing the procedure to follow when requests from the jury are made. If the bailiff had communicated the request to the trial court and the trial court had reconvened in order to discuss the request in the presence of the attorneys and defendant, defense counsel would have had an opportunity to oppose the jury's review of defendant's taped statement in the jury room. The ultimate decision on that issue would have rested within the discretion of the trial court. See Young v. State, 645 So.2d 965, 967 (Fla. 1994). More importantly, however, had proper procedure been followed, it is highly unlikely that the error of the jury listening to the inadmissible portions of the tape would have ever occurred.
We reject the other points defendant raises on appeal except that we agree that the complained-of closing argument remarks made by the prosecutor were improper. We find that by these statements, the prosecutor impermissibly suggested guilt by association with the co-defendants who had pled guilty to similar charges and further, impermissibly argued that defendant had committed similar prior acts of fraud, without having first laid a proper predicate, in violation of section 90.404(2)(a), Florida Statutes (1993), and the Williams rule. Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959). Although we need not decide whether such remarks alone would have required reversal, they should not be repeated upon retrial.
REVERSED AND REMANDED.
STEVENSON and SHAHOOD, JJ., concur.