NESBITT, Senior Judge.
The defendant, convicted of trafficking in cocaine, appeals the denial of his 3.850 motion for post conviction relief. Among the claims raised, defendant maintains:
6. My trial attorney failed to object to the court’s handling of two jury notes received by the court while the jury was deliberating. Rule 3.410 requires the court to inform counsel of any communications while deliberating. The court received two jury notes and did not consult my lawyer. After the jury verdict, my lawyer should have discussed this as the notes were filed with the court. My trial lawyer never filed a new trial motion based on this issue. Under Florida law, such is reversible error. Ivory v. State, 351 So.2d 26, 28 (Fla.1977).
Florida Rule of Criminal Procedure 3.410, provides:
After the jurors have retired to consider their verdict, if they request additional instructions or to have any testimony read to them they shall be conducted into the courtroom by the officer who has them in charge and the court may give them the additional instructions or may order the testimony read to them. The instructions shall be given and the testimony read only after notice to the prosecuting attorney and to counsel for the defendant. (Emphasis added.)
Here, according to defendant’s sworn motion, during their deliberations, the jury requested a video tape that had been shown during the trial as well as a transcript of the tape. Counsel and the court had agreed that if the jury asked to see the tape again, the jury would have to be brought back out to the court room where the showing could be monitored and translation provided. This procedure was not followed. Instead, without consulting with counsel, the court unilaterally submitted the requested items to the jury.
Moreover, making the matter even more potentially egregious is defendant’s claim that the same tape submitted to the jury contained evidence of an uncharged crime. By pre-trial motion, the court had ordered that the jury would not be permitted to see that segment of the film. Giving the tape over to the jurors, without notice to counsel, may have permitted them to view this second segment. See Ivory v. State, 351 So.2d 26 (Fla.1977)(holding that it was prejudicial error for trial judge to respond to request from jury without prosecuting attorney, defendant, and defendant’s counsel being present and having opportunity to participate in discussion of action to be taken on jury’s request); see also State v. Franklin, 618 So.2d 171 (Fla.1993)(holding that it was reversible error per se for court to provide jurors with copy of written instructions without notifying either counsel).
The trial judge, considering this claim in defendant’s 3.850 motion denied relief without holding an evidentiary hearing to consider the point and without attaching *528 those portions of the record which would conclusively refute defendant’s claim. This was error. See Fla.R.Crim.P. 3.850(6)(d).
Accordingly, we remand with instructions to the trial court to hold an evidentia-ry hearing on this matter. At a minimum, three things should occur at such hearing, first, testimony should be taken to determine what happened with regard to the jury notes and what the jurors actually saw. Second, testimony should be taken to determine whether counsel was ineffective. Third, the trial court should consider the second prong of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and make a determination of whether this claimed error would have made any difference in the outcome of the case.
Reversed and remanded.
SHEVIN, J., concurs.