831 So.2d 156 (2002)
STATE of Florida, Petitioner,
v.
Adolphus MERRICKS, Respondent.
No. SC01-1906.
Supreme Court of Florida.
October 24, 2002.
*157 Robert A. Butterworth, Attorney General, Robert J. Krauss, Senior Assistant Attorney General, Chief of Criminal Law, and John M. Klawikofsky, Assistant Attorney General, Tampa, FL, for Petitioner.
James Marion Moorman, Public Defender, and Brad Permar, Assistant Public Defender, Tenth Judicial Circuit, Bartow, FL, for Respondent.
PER CURIAM.
We have for review Merricks v. State, 793 So.2d 119 (Fla. 2d DCA 2001), wherein the district court certified the following question to be of great public importance:
IS A BAILIFF'S OFF THE RECORD ANSWER TO A JURY'S QUESTION AN ERROR REQUIRING PER SE REVERSAL OR MAY IT BE SUBJECTED TO A HARMLESS ERROR ANALYSIS UNDER STATE V. DIGUILIO, 491 So.2d 1129 (Fla.1986)?
Id. at 121. We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. As phrased, however, we find the scope of the certified question overly broad.[1] Thus, to more accurately reflect the issue presented in this case, we rephrase the certified question to read:
WHETHER A BAILIFF'S OFF THE RECORD, SUBSTANTIVE RESPONSE TO A JURY'S REQUEST DURING DELIBERATIONS FOR ADDITIONAL INSTRUCTIONS OR FOR TESTIMONY TO BE READ BACK IS AN ERROR SUBJECT TO A HARMLESS ERROR ANALYSIS UNDER STATE V. DIGUILIO, 491 So.2d 1129 (Fla.1986).
For the reasons that follow, we answer the certified question, as rephrased, in the negative and approve the Second District's decision.

*158 PROCEEDINGS TO DATE
Respondent, Adolphus Merricks, was convicted for sexual battery and attempted sexual battery. On appeal, Merricks argued that the trial court erred in denying his motion for mistrial based upon an improper and unauthorized communication between a bailiff and the jury during jury deliberations. The Second District summarized the pertinent facts:
After the jury retired to deliberate, a juror stuck his head out of the jury room and told the bailiff that the jury would like to have some of the testimony read back. Before the bailiff could do anything in response, another bailiff told the jury, "You'll have to rely on your memories," and shut the door. Upon being notified of what had transpired, the trial judge asked a bailiff to have defense counsel and the prosecutor gather in the courtroom so that he could advise them of the interaction between the bailiff and the juror. The bailiff returned approximately one minute later and advised the judge that the jury had announced that they had reached a verdict.
Before receiving the jury's verdict, the judge discussed the incident with defense counsel and the prosecutor. The judge acknowledged that the bailiff's communication with the juror was improper but told counsel that he, in all likelihood, would have given the same response. The prosecutor did not object to the improper communication and argued that the error was harmless. Defense counsel, however, objected and moved for mistrial. The trial court found that the communication was inadvertent and was done without the knowledge of the court or anyone else, and that the jury advised the bailiff that it had reached a verdict immediately after it was given the response by the bailiff. The trial court then concluded that, based on these circumstances, any error involved would not be prejudicial to Merricks and denied the motion for mistrial.
793 So.2d at 120. The Second District reversed, concluding that a mistrial should have been granted because the communication with the jury violated Florida Rule of Criminal Procedure 3.410, which provides:
After the jurors have retired to consider their verdict, if they request additional instructions or to have any testimony read to them they shall be conducted into the courtroom by the officer who has them in charge and the court may give them the additional instructions or may order the testimony read to them. The instructions shall be given and the testimony read only after notice to the prosecuting attorney and to counsel for the defendant.
The district court recognized that under this Court's holding in Ivory v. State, 351 So.2d 26 (Fla.1977), a violation of rule 3.410 must ordinarily be treated as per se reversible error. Distinguishing Thomas v. State, 730 So.2d 667 (Fla.1998), wherein this Court found a rule 3.410 violation was not reversible error because defense counsel communicated his acceptance of the procedure employed by the trial judge when given an opportunity to object, the district court noted that Merricks' trial counsel specifically objected to the improper communication and moved for mistrial. Based on these facts, the Second District concluded that reversible error occurred and remanded for a new trial. See Merricks, 793 So.2d at 121. However, in light of a dissenting opinion by one of the panel members, the Second District certified the question set forth above as a matter of great public importance.

*159 ANALYSIS
In Ivory v. State, 351 So.2d 26 (Fla. 1977), this Court held that a violation of rule 3.410 constitutes per se reversible error, stating:
We now hold that it is prejudicial error for a trial judge to respond to a request from the jury without the prosecuting attorney, the defendant, and defendant's counsel being present and having the opportunity to participate in the discussion of the action to be taken on the jury's request. This right to participate includes the right to place objections on record as well as the right to make full argument as to the reasons the jury's request should or should not be honored.
Id. at 28. In so holding, the Court explained, "Any communication with the jury outside the presence of the prosecutor, the defendant, and the defendant's counsel is so fraught with potential prejudice that it cannot be considered harmless." Id. We have reaffirmed this per se reversible error rule in numerous cases since Ivory. See, e.g., Mills v. State, 620 So.2d 1006 (Fla.1993); Bradley v. State, 513 So.2d 112 (Fla.1987); Williams v. State, 488 So.2d 62 (Fla.1986); Curtis v. State, 480 So.2d 1277 (Fla.1985).[2] In so doing, we have reiterated that "the potential for prejudice and the danger of an incomplete record of the trial court's communication with the jury are so great as to warrant the imposition of a prophylactic per se reversible error rule." State v. Franklin, 618 So.2d 171, 173 (Fla. 1993). However, we have also noted, "The per se reversible error rule announced in Ivory is prophylactic in nature and must be invoked by contemporaneous objection at trial. Where counsel communicates to the trial judge his acceptance of the procedure employed, the issue will be considered waived." Thomas v. State, 730 So.2d 667, 668 (Fla.1998) (footnote omitted).
In the case sub judice, the State urges us to limit the per se reversible error rule adopted in Ivory to violations of rule 3.410 committed by trial judges, and to adopt a separate rule, which includes a harmless error component, for violations of rule 3.410 by court officials such as bailiffs. Relying primarily on McKinney v. State, 579 So.2d 80 (Fla.1991), the State contends that improper communications such as those made by the bailiff in this case should be subject to a harmless error analysis.
McKinney, however, is distinguishable from the instant case. In McKinney, this Court concluded that a bailiff's ex parte communication with the jury, although error under section 918.07, Florida Statutes, was harmless in light of the nonprejudicial nature of the bailiff's remarks and the corrective measures undertaken by the trial court. See id. at 83. Significantly, however, this Court in McKinney did not discuss Ivory or rule 3.410, and apparently no party brought either to our attention. Moreover, defense counsel in McKinney, unlike in the present case, did not object to the bailiff's communication or move for mistrial. Hence, under our more recent decision in Thomas, any violation of rule 3.410 in McKinney was waived. See Thomas, 730 So.2d at 668.
As noted above, the Second District applied our holding in Ivory to the circumstances of this case, and concluded that the bailiff's ex parte communication with the jury constituted per se reversible error. We agree. The same potential for prejudice and danger of an incomplete record *160 that supported the adoption of a per se reversible error rule in Ivory are equally applicable to a bailiff's substantive response to a jury's request for additional instructions or for testimony to be read back in violation of rule 3.410. In fact, as with rule 3.410 and trial judges, section 918.07 contains an express prohibition on bailiffs communicating with the jury. Section 918.07 provides that an officer in charge of jurors "shall not communicate with the jurors on any subject connected with the trial." § 918.07, Fla. Stat. (2001). Without question, the potential for prejudice is the same, if not greater, when a bailiff, rather than a trial judge, answers a jury's inquiry directly without notice to and outside the presence of defense counsel and the State. Further, in such circumstances, a jury may logically believe, although incorrectly, that the answer provided by the bailiff has been provided on the authority of the trial court. Indeed, had the bailiff in this case provided the same answer to the jury's request, but at the direction of the trial court rather than on his own, the communication would have constituted per se reversible error under Ivory and its progeny. See, e.g., Woods v. State, 634 So.2d 767 (Fla. 1st DCA 1994); Coley v. State, 431 So.2d 194 (Fla. 2d DCA 1983).
As the Fourth District noted in Thiefault v. State, 655 So.2d 1277 (Fla. 4th DCA 1995):
During a trial, the bailiff is the link between judge and jury. The bailiff is "the intermediary between the court and jury on a myriad of matters, from requests for food to eat to requests for evidence to digest." While it may be tempting for a bailiff to answer the jurors' requests directly, the efficient administration of justice demands that the bailiff not act on requests related to the case except to communicate the jurors' requests to the court.
Id. at 1279 (citation omitted). Although a bailiff may have years of experience and believe he knows what the trial judge's answer to a particular question might be, a bailiff should not discuss with the jury any matter concerning substantive law or procedural rules. Rather, a bailiff should direct all inquiries from the jury which bear on its decision process to the trial judge.
The present case exemplifies the potential danger of off-the-record communications between a bailiff and jurors regarding the official criminal proceedings. On the record before us, it is simply not possible to say with any certainty that the bailiff's answer to the jury's request had no effect whatsoever on the jury's verdict in this case. To the contrary, the bailiff's spontaneous statement that the jurors would have to rely on their memories appears to have affected the jury's deliberations, as demonstrated by the fact that the jury reached its verdict promptly thereafter. Even the prosecutor at trial suggested that the trial court would need to inquire as to the specific testimony the jury wanted read back in order for a harmless error determination to be made. Although the trial court questioned the foreperson generally concerning the jury's request, it did not inquire as to the specific testimony the jury sought to have read back. We recognize that the trial court, upon learning of the bailiff's improper communication, immediately summoned defense counsel and the State to the courtroom to discuss the matter. However, "[t]here is a substantial difference between allowing discussion before the question is answered and allowing discussion after the question is answered and the jury is sent back to deliberate." Mills v. State, 620 So.2d 1006, 1008 (Fla.1993).

*161 CONCLUSION
In sum, we agree with the Second District that the bailiff's improper communication in this case constituted per se reversible error under Ivory and its progeny. To apply a harmless error analysis to such improper communications as the State proposes would "unnecessarily embroil trial counsel, trial judges and appellate courts in a search for evanescent `harm', real or fancied." Ivory v. State, 351 So.2d 26, 28 (Fla.1977) (England, J., concurring).
Accordingly, we answer the certified question, as rephrased, in the negative and approve the decision of the Second District Court of Appeal.[3]
It is so ordered.
ANSTEAD, C.J., and SHAW, PARIENTE, and LEWIS, JJ., concur.
HARDING, Senior Justice, concurs in result only with an opinion.
QUINCE, J., concurs in result only.
WELLS, J., dissents with an opinion.
HARDING, Senior Justice, concurring in result only.
Although I concur in the result of the majority's opinion, I do not agree with the majority's decision to rephrase the certified question. The resolution of the rephrased question does more harm than goodmainly because it fails to adequately define the term "substantive response." The original question certified by the district court was whether a bailiff's off-the-record answer to a jury's question is per se reversible or subject to a harmless error analysis. I would find that it is subject to a harmless error analysis. In the instant case, I am unable to conclude that the error was harmless. Therefore, I would affirm the district court's decision to reverse.
WELLS, J., dissenting.
I dissent and would adopt the well-reasoned analysis of Judge Altenbernd, the dissenting judge on the district court.
Furthermore, I believe that the majority creates significant uncertainty and much future litigation with the use of the term "substantive response" without defining the boundaries of "substantive." Harmless error is a standard which is known and has been used to test whether a reversal is required, and to begin this new analysis for bailiffs is destined to create problems.
NOTES
[1] For instance, as phrased, the certified question encompasses an answer given by a bailiff to any question posed by a jury. Undoubtedly, we do not believe the Second District intended the certified question to cover such simple requests as for water or to use the restroom, nor other communications not pertaining to the official criminal proceedings. Nor do we believe the district court intended the question to cover responses indicating that the trial court would have to respond or that the bailiff would pass the question to the trial judge. Hence, we have rephrased the question to use the word "substantive" to describe the nature of the bailiff's response. Similarly, section 918.07, Florida Statutes (2001), prohibits a bailiff from communicating with the jury on any subject connected with the trial. Section 918.07 provides that the bailiff "shall not communicate with the jurors on any subject connected with the trial."
[2] This Court, however, has noted that "communications outside the express notice requirements of rule 3.410 should be analyzed using harmless-error principles." Mendoza v. State, 700 So.2d 670, 674 (Fla.1997); see also Williams v. State, 488 So.2d 62, 64 (Fla.1986).
[3] In light of the circumstances in this case, we remind trial judges of the importance of instructing bailiffs as to their duty of neutrality. We recognize that the bailiff who improperly answered the jury's question in this case apparently was not even the bailiff assigned to the proceeding.