840 So.2d 1099 (2003)
Trod BUGGS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-521.
District Court of Appeal of Florida, Fifth District.
March 7, 2003.
Rehearing Denied April 2, 2003.
Steve G. Mason of Law Offices of Steve G. Mason, Orlando, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Belle B. Schumann, Assistant Attorney General, Daytona Beach, for Appellee.
PLEUS, J.
This is an appeal from the denial of a motion for post-conviction relief after an evidentiary hearing. Buggs' conviction was affirmed by this court on direct appeal. Buggs v. State, 693 So.2d 57 (Fla. 5th DCA 1997).
*1100 Buggs raises eight points on this appeal. Only one merits discussion. It is contended that he was denied effective assistance of counsel because his trial attorney failed to object when the bailiff answered the jury's question. The jury asked the bailiff to have the testimony of a witness read back. The bailiff responded that the jury had all the evidence in the jury room. When the matter was brought to the court's attention, it ruled that it would not allow a read back. The trial court announced that it would have answered the question the same way, and indeed, its curative action was to assemble the jury, give it the same advice, and ask if it wanted more time to deliberate. This curative action rendered any error harmless, at best.
Buggs' trial counsel failed to object and move for a mistrial. In the direct appeal, the state argued the issue was not preserved for appeal. Appellate counsel now argues that the bailiff's actions constitute per se reversible error. Had trial counsel raised an objection and moved for a mistrial, appellant asserts a new trial would have been granted. Buggs relies on State v. Merricks, 831 So.2d 156 (Fla.2002), in which the Florida Supreme Court held that a bailiff's off-the-record answer to a jury's question is per se reversible error and may not be subjected to a harmless error analysis.
Were this issue preserved for direct appeal, Merricks would control and we would be obliged to follow the law established by the supreme court. We would prefer the harmless error analysis suggested by Judge Altenbernd[1] and Justice Wells who dissented in Merricks. Our concern is that Merricks will cause untold problems in future appeals.
In the context of this case, however, we conclude that Merricks does not control. Merricks was not the law at the time of Buggs' December, 1995 trial so it is impossible to conclude that had Buggs asked for a mistrial, it would have been automatically granted. Indeed, the contrary appears to be true.
In 1991, the Florida Supreme Court, in McKinney v. State, 579 So.2d 80 (Fla.1991), applied the harmless error doctrine to a bailiff's ex parte communication with the jury. Accord, Walker v. State, 546 So.2d 1165 (Fla. 3d DCA 1989). In doing so, the supreme court did not apply the per se reversible error rule it had previously adopted in Ivory v. State, 351 So.2d 26 (Fla.1977) to ex parte communications by trial judges. Thus, had trial counsel objected and moved for a mistrial during the December, 1995 trial, the court likely would have concluded, pursuant to McKinney, that the bailiff's remarks amounted to harmless error. Since the claimed error would not have made a difference in the outcome of the case, the ineffective assistance claim must fail. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Gonzalez v. State, 785 So.2d 526 (Fla. 3d DCA 2000). The defendant cannot obtain by post-conviction petition what he would not have received at the time of trial had his counsel been "effective."
AFFIRMED.
GRIFFIN, J., and COBB, W., Senior Judge, concur.
NOTES
[1] Merricks v. State, 793 So.2d 119 (Fla. 2d DCA 2001) (Altenbernd, J., dissenting).