FARMER, J.
 

 Defendant, an adult, was charged with sexual battery on his niece (by marriage), then under 12. The case went to trial before separate juries on three occasions, the last trial resulting in a guilty verdict.
 

 The victim was 7 when, as she testified, abuse began and continued for 3 or 4 years. At age 11 she gave a statement to police, who began a full investigation. She was seen by health care professionals at the Sexual Assault Treatment Center, who found no medical evidence confirming or negating abuse. Testimony at trial centered on the victim, then in her mid-teens, and two slightly older cousins who described their own sexual abuse by defendant. The victim’s pretrial, hearsay, statements to police were admitted in the State’s case. The victim’s trial testimony varied from those statements as to the number of times she was violated, the nature of some violations, and the temporal span.
 

 On appeal defendant argues that it was error to admit the victim’s pretrial hearsay statements and, also, the testimony of the cousins. We agree that the admission of child hearsay statements was error and reverse for a new trial.
 
 [1]
 

 As required by § 90.803(23), the order admitting the child hearsay statements failed to make specific findings of fact as to reliability. Instead the order merely recited boilerplate language as to the ultimate finding of admissibility. In
 
 Hopkins v. State,
 
 632 So.2d 1372 (Fla.1994), the Florida Supreme Court held:
 

 “Mere recitation of the boilerplate language of [section 90.803(23) ] ... is not sufficient.
 
 Absent the specific findings of reliability mandated by the statute, a reviewing court cannot determine whether the statements were in fact reli
 
 
 *708
 

 able. Failure to make specific findings not only ignores the clear directive of the statute, but also implicates the defendant’s constitutional right to confrontation.”
 
 [e.s., c.o.]
 

 Hopkins,
 
 632 So.2d at 1377;
 
 see also Lacue v. State,
 
 562 So.2d 388 (Fla. 4th DCA 1990) (reversing because trial court made no specific findings of fact on the record as required by § 90.803; boilerplate language does not suffice).
 

 We find that the order admitting the child’s hearsay merely tracked the statutory language of § 90.803(23) and was therefore insufficient to support the admission of such statements at trial.
 
 Heuss v. State,
 
 660 So.2d 1052 (Fla. 4th DCA 1995). Without the detailed findings of fact as to reliability and trustworthiness required by statute, we are unable to conclude that her hearsay statements were admissible.
 

 The State argues that this issue was not preserved. In
 
 State v. Townsend,
 
 635 So.2d 949 (Fla.1994), the Supreme Court held that an objection to the lack of sufficient findings is necessary in order to raise the issue on appeal. 635 So.2d at 959. At the third trial, defendant renewed all his previous motions objecting to the admissibility of the child hearsay statements. We read the colloquy with the court during this renewal of objections to place the court on notice that the statutory findings, too, were part of the renewed objection. The issue was preserved.
 

 Reversed for new trial.
 

 TAYLOR and MAY, JJ., concur.
 

 [1]
 

 . We find no
 
 Williams
 
 rule error in admitting the testimony of the cousins.