WHATLEY, Judge.
Ascour Natan appeals his convictions of aggravated stalking and arson. He raises several issues on appeal, and we find that the error committed by the bailiff in handling an improperly tagged piece of evidence sent back with the jury during deliberations requires reversal for a new trial.
Several days after the jury returned its verdict finding Natan guilty as charged, the assistant state attorney (ASA) who prosecuted the case sent a letter to the trial court and Natan’s counsel informing them of actions by the bailiff. The ASA stated that as the verdict was being returned, the bailiff told him that the jury had advised the bailiff that a piece of evidence introduced during trial and sent back with the jury during its deliberations had an extra tag on it. Apparently, in addition to being properly tagged for Na-tan’s case, the evidence was also improperly tagged in someone else’s case. The bailiff brought the evidence to the courtroom, showed it to the ASA, and advised him that he had taken care of the situation, the ASA had some help, and not to bring it up. The ASA wrote in his letter that although he had gotten to know the bailiff and believed his comments were likely made in jest, he believed he had to disclose the comments. We commend the ASA for his disclosure.
The Florida Supreme Court applies a “per se reversible error rule when a bailiff has unsupervised communications with a jury. See State v. Merricks, 831 So.2d 156, 161 (Fla.2002).... ” Johnson v. State, 53 So.3d 1003, 1008 (Fla.2011). See also § 918.07, Fla. Stat. (2007) (prohibiting officers in charge of jurors from communicating with jurors “on any subject connected with the trial”). Although we do not know if the bailiff in this case said anything to the jury when it advised him of the improper tag, because he told the ASA that he had taken care of the situation, the ASA had some help, and not to bring it up, we must reverse Natan’s convictions and remand for a new trial.
Reversed and remanded with directions.
DAVIS and KELLY, JJ., Concur.