DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT
_____

MAX RAINER JASPER,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2023-2721
_____

Octboer 17, 2025

BY ORDER OF THE COURT:

Upon consideration of appellant's motion for rehearing en banc and motion for a written opinion, filed on July 21, 2025,

IT IS ORDERED that the motion for written opinion is granted to the extent that the opinion dated June 18, 2025, is withdrawn and the attached opinion is substituted therefor. Appellant's motion for rehearing en banc is denied.

No further motions for rehearing will be entertained in this appeal.


I HEREBY CERTIFY THE FOREGOING IS A
TRUE COPY OF THE ORIGINAL COURT ORDER.


MARY ELIZABETH KUENZEL, CLERK

MAX RAINER JASPER,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2023-2721

_____

October 17, 2025

Appeal from the Circuit Court for Hillsborough County; Michelle Sisco, Judge.

Olivia M. Goodman of O'Brien Hatfield, P.A., Tampa, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Kiersten E. Jensen, Assistant Attorney General, Tampa, for Appellee.

ROTHSTEIN-YOUAKIM, Judge.

Max Rainer Jasper, who upon a retrial was convicted of second-degree murder, appeals from an order denying his motion under Florida Rule of Criminal Procedure 3.850 seeking postconviction relief. Although Jasper raises numerous arguments on appeal, we address in detail only one: that trial counsel was ineffective because he failed to move for a mistrial after one of the court's bailiffs had an unauthorized, ex parte

communication with a juror.  Because we conclude that this argument, like Jasper's others, does not compel relief, we affirm.[1]

The facts of Jasper's offense are not pertinent to the issue on appeal.  We therefore focus instead on the facts surrounding the claim of unauthorized communication.

At the end of the second day of trial (the first day of witness testimony),[2] the trial court informed the parties "that one of the jurors may have asked the bailiff, hey, can we ask questions."  The court stated that as a blanket policy, it does not allow jurors to ask questions of witnesses in criminal cases and that its understanding was that the bailiff, consistent with that policy, had simply responded, "No."  The court inquired whether counsel wanted the court to formally inform the full jury of that policy.  Defense counsel asked to discuss the matter with Jasper, and the court agreed but stated:  "I'll go ahead and tell you it's not my intention to allow questions.  The only question now is whether I make any further formal statement in that regard."

When the parties returned the next morning, the trial court asked defense counsel "whether they wished [the court] to make a formal announcement to the jury [that it could not question witnesses]."  The court reiterated that the bailiff's answer to the individual juror was consistent with the court's policy in criminal cases.  Counsel responded that "having discussed it with my client and co-counsel, simply the answer is no" and that he did not want to draw any "further attention to the issue."  The trial proceeded apace.

_____

[1] We originally issued a per curiam affirmance in this appeal but granted Jasper's motion for a written opinion addressing this particular argument.

[2] The trial lasted seven days, including voir dire and closing arguments.

Relying on *State v. Merricks*, 831 So. 2d 156 (Fla. 2002), Jasper argued in his rule 3.850 motion that defense counsel had been ineffective by failing to inquire more thoroughly into the communication between the juror and the bailiff; failing to object pursuant to Florida Rule of Criminal Procedure 3.371(b) and section 918.07, Florida Statutes (2014); failing to request a corrective instruction; and failing to move for a mistrial. Jasper asserted that counsel had misinformed him that he could not get a mistrial and that when he had asked counsel if he could find out the exact question asked and the exact answer given, counsel had responded that "the judge would not allow that." Jasper asserted further if he had "been properly informed during the discussion regarding the unsupervised communication," he "would have asserted his right for Counsel to move for a mistrial." Jasper claimed that he was prejudiced because the court's handling of the matter was per se reversible error and if counsel had moved for a mistrial and the court had denied the motion, he could have raised the issue on direct appeal and obtained a reversal of his conviction.

At the subsequent evidentiary hearing, Jasper testified that he had told defense counsel that he was concerned that the bailiff might be informing jurors that he had been tried before and that he had asked counsel about the possibility of a mistrial. Jasper testified that counsel had responded that the judge would not grant a mistrial "and that nothing was wrong with the situation."

Defense counsel testified that he had no independent recollection of the communication or of any discussion with the court or with Jasper regarding the communication and that he could not find any discussion of the communication in the record, but he agreed that if such a communication had taken place, the matter should have been explored

3

and the record preserved. He testified that at a minimum, the appropriate way to handle it would have been to question the bailiff outside the presence of the jury and "inquire of the bailiff as to who said what and what matters were addressed and whether or not any follow-up is required by either counsel or the court." Then, preferably after consultation with the client, "particularly someone like Mr. Jasper, who is so, you know, engaged and involved in the litigation of his case," he would determine whether to move for a mistrial. Counsel testified that in his career, he has "absolutely" dealt with the issue of an unauthorized communication by court personnel and that there is a specific rule of procedure to govern it but that he could not recall ever moving for a mistrial based on it.

The postconviction court denied Jasper relief on this ground, finding defense counsel more credible than Jasper and determining that Jasper

> failed to prove that [defense counsel] acted deficiently or any resulting prejudice when Defendant failed to prove that [counsel] had a good faith basis to make the alleged objections or motion for mistrial when Defendant failed to prove that a bailiff had unsupervised communications with the jury that would have warranted the alleged objections or the granting of a mistrial.

Jasper moved for rehearing, attaching an excerpt from the trial transcript reflecting the discussion between the court and the parties regarding the communication and arguing that defense counsel had effectively conceded his ineffectiveness. Jasper further argued that the postconviction court should reconsider its finding concerning counsel's credibility because the excerpt cast doubt on counsel's testimony that he could not find any portion of the record pertaining to the communication. He argued, "In light of [defense counsel's] testimony at the evidentiary

hearing, this is an open and shut claim where the Supreme Court's holding in [*Merricks*] makes clear that, had counsel objected and moved for a mistrial, a mistrial would have been necessary by law." The postconviction court denied Jasper's motion, declining to revisit its credibility determination and clarifying "that its ruling was not intended to imply that a conversation never occurred, but was intended to find that Defendant failed to prove that the alleged conversation warranted the alleged objections or the granting of a motion for mistrial."

The postconviction court correctly denied relief. In *Merricks*, 831 So. 2d at 157, the supreme court addressed the following narrow question: "Whether a bailiff's off the record, substantive response to a jury's request during deliberations for additional instructions or for testimony to be read back is an error subject to a harmless error analysis." The supreme court answered the question in the negative, agreeing with this court that "under *Ivory* [*v. State*, 351 So. 2d 26 (Fla. 1977)], and its progeny," "the bailiff's improper communication in this case constituted per se reversible error." 831 So. 2d at 161; *see also* *Merricks v. State*, 793 So. 2d 119, 120–21 (Fla. 2d DCA 2001). Throughout the postconviction proceedings and the appeal therefrom, Jasper insisted that deficient performance and prejudice under *Strickland*[3] was a foregone conclusion because per *Merricks*, if counsel had objected, he would have been entitled to an automatic mistrial in the trial court and, failing that, an automatic reversal on direct appeal.

Yet it was not until his motion in this court for rehearing en banc and/or for written opinion that Jasper even acknowledged that *Merricks* (like *Ivory*, *see* 351 So. 2d at 27–28) was decided in an entirely different context, i.e., the context of a jury's request, *during deliberations, for*

---

[3] *Strickland v. Washington*, 466 U.S. 668 (1984).

*additional instructions or to have any testimony read or played back to them.* Specifically, *Merricks* addressed violations of Florida Rule of Criminal Procedure 3.410, which requires that counsel be provided with notice and opportunity to object when such requests arise in that context. 831 So. 2d at 159–61; *see also* Fla. R. Crim. P. 3.410(a). Rejecting the State's argument that the per se reversal rule of *Ivory* should not be extended to court personnel, *Merricks* effectively concluded that the bailiff was an extension of the trial court and that just as the court could not reply to such a request "off the record" without giving counsel notice and opportunity to object, neither could the bailiff. *See* 831 So. 2d at 160.

Moreover, although finally acknowledging that *Merricks* arose in a different context, Jasper has never argued why *Merricks* extends or should extend to his case. In any event, *Merricks* itself plainly states that it doesn't: the supreme court there expressly noted and did not disturb its prior holdings that "communications outside the express notice requirements of rule 3.410 should be analyzed using harmless-error principles." 831 So. 2d at 159 n.2 (first quoting *Mendoza v. State*, 700 So. 2d 670, 674 (Fla. 1997); and then citing *Williams v. State*, 488 So. 2d 62, 64 (Fla. 1986)). We in no way condone the bailiff's communication with the juror, which, as Jasper notes, violates section 918.07, Florida Statutes. But the supreme court in *Merricks* likewise observed that the bailiff's communication in that case violated section 918.07 separate and apart from any violation of rule 3.410, *see* 831 So. 2d at 160, and yet it still expressly limited its holding of per se reversible error to violations of rule 3.410 and expressly excluded communications outside of that rule, *see id.* at 159 n.2.

Thus, there would have been no "automatic" mistrial, no "automatic" reversal, and Jasper is not excused from the usual *Strickland* requirement of establishing both deficient performance and prejudice in connection with the bailiff's communication with the juror.[4] Ascertaining no error in the postconviction court's conclusion that he failed to do so or in its denial of relief on his other claims, we affirm.

Affirmed.

MORRIS and SLEET, JJ., Concur.

---

[4] To the extent Jasper suggests that he was prejudiced because defense counsel's decision not to pursue the matter deprived him of the ability to explore whether the bailiff had instead been informing the juror that Jasper had been tried previously, this suggestion is barely developed in light of Jasper's focus on *Merricks* and, in any event, is based purely on speculation.

Moreover, we need reach the question of prejudice only if Jasper established that counsel's decision fell below an objective standard of reasonableness. *See Davis v. State*, 383 So. 3d 717, 733 (Fla. 2024) ("Because *Strickland* requires a defendant to establish both prongs, if one prong is not met, the Court need not reach the other." (quoting *Sheppard v. State*, 338 So. 3d 803, 816 (Fla. 2022))). But at trial, counsel told the court that he had decided not to call further attention to the matter after discussing it with both Jasper and cocounsel. *See Derrick v. State*, 983 So. 2d 443, 461 (Fla. 2008) ("[S]trategic decisions do not constitute ineffective assistance of counsel if alternative courses have been considered and rejected and counsel's decision was reasonable under the norms of professional conduct." (alteration in original) (quoting *Occhicone v. State*, 768 So. 2d 1037, 1048 (Fla. 2000))). Counsel's testimony at the evidentiary hearing, which the postconviction court found more credible than Jasper's, supports the reasonable inference that if Jasper had in fact expressed any legitimate concern to counsel at that time, counsel would have pursued it.